1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE (213) 629-7600
FACSIMILE (213) 624-1376

Nathan D. O'Malley (State Bar No. 212193)
*n.omalley@mpglaw.com*
Peter J. Diedrich (State Bar No. 101649)
*p.diedrich@mpglaw.com*
Rebecca S. Hummel (State Bar No. 311742)
*r.hummel@musickpeeler.com*

Attorneys for TMCO LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TMCO LTD., a Bulgarian Company,<br><br>       Petitioner,<br><br>vs.<br><br>GREEN LIGHT ENERGY SOLUTIONS<br>R&D CORP., a California corporation,<br><br>       Respondent. | CASE No. 4:17-CV-00997-KAW<br><br>**DECLARATION OF NATHAN O'MALLEY IN SUPPORT OF JUDGMENT CREDITOR TMCO, LTD'S MOTION FOR LEAVE TO AMEND JUDGMENT TO ADD ALTER EGO DEFENDANTS**<br>[Served concurrently with Notice of Motion; Memorandum of Points & Authorities; [Proposed[] Order]<br><br>Date of Motion:   January 16, 2020<br>Time:          1:30 p.m.<br>Courtroom: Hon. Kandis A. Westmore |

I, NATHAN O'MALLEY, hereby declare as follows:

1.     I am an attorney at law duly licensed to practice law before this Court and all courts in the State of California.  I am a partner with the law firm of Musick, Peeler & Garrett, LLP, counsel to Judgment Creditor TMCO, Ltd ("TMCO"). This declaration is offered in support of TMCO's Motion to Amend the Judgment to add Alter Ego Defendants.

2.     The matters set forth below are known to me personally, and if called to testify in this matter, I could and would competently testify to each of them.

3.     On February 27, 2017, TMCO filed its Petition for Order to Confirm Arbitration Award and Enter Judgment in Conformity with the Arbitration Award against GLES Corp. The

1  underlying arbitration involved a breach of contract dispute between the parties.

2      4.      On November 14, 2017 the Court entered its judgment enforcing the arbitration

3  award to TMCO against GLES Corp. for the amounts included in the arbitration in the amount of

4  EUR €1,797,968.23 and USC $107,000.00, plus interest on certain items in the award, due from

5  the date of the award until paid in full.

6      5.      During Mr. Feerer's debtor examinations, he referred to the existence of certain

7  documents which had not yet been produced. Additionally, he could not provide details regarding

8  the shareholders and other corporation formalities for GLES, Corp. Accordingly, TMCO served a

9  set of interrogatories and request for production of documents for further documents and details

10 concerning the corporation's formation and assets, amongst other things.

11     6.      GLES, Corp. served responses to these interrogatories on May 30, 2019. The

12 responses were verified by Mr. Feerer. Attached as Exhibit "A" is a true and correct copy of

13 GLES, Corp.'s verified responses to TMCO's interrogatories. Further attached to this exhibit is a

14 true and correct copy of TMCO's interrogatories.

15     7.      TMCO also served document requests which sought very basic documents

16 commonly required for the formation of a corporation, such as documents reflecting the corporate

17 structure, documents that identify shareholders, documents that identify loans made to or from

18 shareholders, documents identifying employees and officers of the corporation meeting minutes,

19 tax returns, and documents which identify the corporation's inventory.

20     8.      GLES, Corp. served responses to TMCO's request for production of documents on

21 May 30, 2019. The responses were verified by Mr. Feerer. Attached as Exhibit "B" is a true and

22 correct copy of GLES, Corp.'s verified responses to TMCO's request for production of

23 documents. Further attached to this exhibit is a true and correct copy of TMCO's requests for

24 production of documents.

25     9.      GLES, Corp.'s responses to interrogatories and requests for production were

26 evasive and vague. Accordingly, On June 11, 2019, I wrote a meet and confer letter to counsel for

27 GLES, Corp. seeking to resolve these deficiencies in discovery. Attached as Exhibit "C" to this

28 declaration is a true and correct copy of my June 11, 2019 correspondence.

10.     Counsel for GLES, Corp. agreed to engage in further meet and confer efforts via conference call to address the issues raised in my letter. That telephone call took place on June 27, 2019. During this call, counsel for GLES, Corp. agreed to provide further responses to the interrogatories, as well as produce additional records requested which were not included in GLES, Corp.'s document production.

11.     The following day, I memorialized this conversation and the agreements regarding further responses which had been reached in writing. Attached as Exhibit "D" to this declaration is a true and correct copy of my June 28, 2019 correspondence to GLES, Corp.'s counsel memorializing our agreement.

12.     Further responses with complete answers to the above questions were to be provided to TMCO no later than July 5, 2019. However, on July 3, 2019, counsel for GLES, Corp. requested additional time to supplement these interrogatory responses, stating more time was needed for Mr. Feerer to "go an extra mile and to find the statements that confirm the funding of the company and loans from the family trust." Attached as Exhibit "E" to this declaration is a true and correct copy Ms. Svetlana Kamyshanskaya's July 3, 2019 email.

13.     In the interim, GLES, Corp. had produced certain documents in response to the document requests on June 14, 2019. The document production was not Bates Stamped. For ease of reference, our office added Bates Page references to the entire document production as it was received.

14.     On July 5, 2019, I wrote to GLES, Corp., granting their requested extension for time to supplement interrogatories. In addition, I also took the opportunity to confirm the contents of the documents which had been produced by GLES, Corp.  As stated in my letter: (1) GLES had not provided federal or state tax returns pertaining to a fiscal year after 2016; (2) GLES had produced only one corporate record, a board resolution from July 15, 2015; (3) GLES had not produced a corporate balance sheet or other financial record pertaining to a time after the fiscal year 2016. All corporate records produced are unaudited and unsigned; and, (4) GLES had produced a financial statement purported to be for December 31, 2016, but was created on February 8, 2018 at 3:14 p.m. As made clear by this letter, GLES, Corp. produced no

documentation showing any actual funding of the corporation. Attached as Exhibit "F" to this declaration is a true and correct copy of my July 5, 2019 correspondence to GLES, Corp.'s counsel.

15.     On July 8, 2019, Ms. Kamyshanskaya sent a correspondence on behalf of GLES, Corp. in response to my June 28 and July 5, 2019 letters, and to memorialize the June 27, 2019 meet and confer. In that letter, she agreed in writing that GLES, Corp. would supplement responses to interrogatories 8, 9, and 14 once the documents sought by the request had been found. Attached as Exhibit "G" to this declaration is a true and correct copy of Ms. Svetlana Kamyshanskaya's July 8, 2019 correspondence.

16.     Interrogatory number 8 sought details concerning any funds paid to any shareholder, officer, employer, or director for services as an advance on services to be performed later; and, if so, the details of such advance. Interrogatory number 9 sought the details concerning any payment received falling under the category of "Consideration Paid Per Share" set forth in Exhibit 2 to the Deposition Transcript, including date of payment, the bank account to which payment was made, any record recording the payment, and the identity of the person or entity making such payment. The purpose of this question was to establish the existence of any bona fide shareholders

17.     Interrogatory number 14 asked whether GLES, Corp. leased or owned any real property in its own name, and if so, the address of the property, whether the property is owned or leased, the date the property was purchased, the name used to sign or execute the purchase or lease, and the date the lease ended.

18.     On July 20, 2019, GLES, Corp. had still not produced any further documents or supplemental responses to the interrogatories, as promised in the July 8, 2019 letter from Ms. Kamyshanskaya.

19.     On July 22, 2019, I received an email at 9:13 p.m. from Ms. Kamyshanskaya. Ms. Kamyshanskaya stated that GLES Corporation did not find additional documents, and therefore would not be able to supplement the interrogatory responses at this time. Attached as Exhibit "H" to this declaration is a true and correct copy of Ms. Kamyshanskaya's July 22, 2019 email.

1    20.    On July 30, 2019, I responded to Ms. Kamyshanskaya's July 22, 2019 email. In my

2  correspondence, I confirmed that despite the very clear agreement and understanding that Mr.

3  Feerer was to provide supplemental answers to several interrogatories, he was no longer able to

4  comply. Attached as Exhibit "I" to this declaration is a true and correct copy of my July 30, 2019

5  correspondence.

6    21.    The document requests sought any and all documents evidencing shareholders

7  resolutions, board meetings, and board resolutions. As confirmed in my July 5, 2019

8  correspondence, GLES, Corp. produced only one document responsive to this request, a single

9  board resolution from 2015 [See Exhibit "F"].

10    22.    The document production primarily consisted of records which purported to be

11  GLES, Corp.'s filings to the IRS for years 2012 through 2016. These documents were all unsigned

12  and unaudited. Also included was a balance sheet document for December 31, 2016, dated

13  February 8, 2018.

14    23.    The production included several letters from GLES, Corp.'s CPA, Michael K.

15  White, addressed to Mr. Feerer personally, enclosing the tax documents prepared for returns from

16  2012 through 2016.

17    24.    On April 30, 2015, Mr. White sent three letters to Mr. Feerer with the corporation's

18  2012, 2013, and 2014 tax records. Attached as Exhibit "J" are true and correct copies of the April

19  30, 2015 letters produced to my office by GLES, Corp. on June 14, 2019.

20    25.    On December 27, 2017,  similar letters were sent enclosing the amended tax

21  records for 2015 and 2016. Attached as Exhibit "K" are true and correct copies of the December

22  27, 2017 letters produced to my office by GLES, Corp. on June 14, 2019.

23    26.    Included amongst these tax documents were GLES, Corp.'s Form 1120's with

24  accompanying balance sheets, purportedly submitted to the IRS, which listed the corporation's

25  inventory and assets, and net loss for the year. Attached as Exhibit "L" to this declaration are true

26  and correct copies of GLES, Corp.'s Form 1120's for the years 2012 [Bates page GLES 000394-

27  000426], 2013 [Bates page GLES 000327-000357], and 2014 [Bates page GLES 000360-000390],

28  produced to my office by GLES, Corp. on June 14, 2019.

27.     GLES, Corp. produced amended tax returns for 2015 and 2016, to correct an error on the balance sheets. Attached as Exhibit "M" are true and correct copies of GLES, Corp.'s Form 1120X amended tax returns for 2015 [Bates page GLES 000290-000323] and 2016 [Bates page GLES 000255-000287], produced to our office by GLES, Corp. on June 14, 2019.

28.     GLES, Corp. also produced a single document that appears to be an accounting list of its assets from the years 2010, 2011, 2012, 2013, and 2014. This document includes a category titled "Inventory" with a subcategory titled "Production in Process." The document also included itemization of "Liabilities & Equity" with a subcategory of "Other Current Liabilities" including amounts payable to TMCO. Attached as Exhibit "N" to this declaration is a true and correct copy of this asset and liabilities document from 2010 through 2014 [Bates page GLES 000430] produced to our office on June 14, 2019.

29.     Review of Exhibit "N" shows that GLES, Corp. regularly listed equipment that it did not pay for as assets and inventory owned by the company. For instance, it appears that GLES, Corp. included equipment it ordered from TMCO under "Production in Progress" as part of an asset amount of $2,088,260.56 for the years 2012 through 2014. For those same years, GLES, Corp. recorded a liability of $811,986.06 as "Payable – TMCo (Serial prod.)". Therefore, despite the fact GLES, Corp. never took possession of and failed to render payment for the equipment from TMCO, it recorded the equipment as an inventory asset in its balance sheets for the years 2012 through 2014.

30.     The returns indicate that GLES, Corp. carried over a net operating loss of hundreds of thousands of dollars every year. For example, in 2012, GLES, Corp. reported a net operating loss of -$983,353; for 2013, the net operating loss was -$447,138; for 2014, the net operating loss continued to grow with a net operating loss of -$476,325 for that year, making total net operating loss carryover available to the next year of $2,028,622.00 [See Ex. "L", Bates page 000372],

31.     The Schedule G form included in the returns entitled "Information on Certain Persons Owning the Corporation's Voting Stock" identifies Green Light Energy Solutions, LLC as 100 percent owner of voting stock in GLES, Corp. [See Ex. "L", Bates pages 000334, 000367, 000402; Ex. "M", Bates pages 000264, 000299].

32.     The balance sheet for 2015 includes a loan to GLES, Corp. for $59,923,029.98 under its fixed assets. GLES, Corp. incorrectly listed this sizable loan -- a liability -- under its assets for the year. This same item is included in the 2016 balance sheet document (that is dated February 8, 2018). Attached as Exhibit "O" are true and correct copies of GLES, Corp.'s balance sheets for 2015 and 2016 produced to my office by GLES, Corp. on June 14, 2019.

33.     The amended tax returns filed for 2015 and 2016 do not include this nearly $60,000,000.00 loan in their balance sheets.

34.     In preparation of this motion, our firm obtained GLES, Corp.'s articles of incorporation and all subsequent filings submitted to California's Secretary of State website. These records indicate that GLES, Corp. was incorporated in 2010. Attached as Exhibit "P" are true and correct copies of the corporate documents submitted to California's Secretary of State and made available on the Secretary of State Website for GLES, Corp.

35.     As shown on the certificate of amendment filed in 2015, and statements of information filed in 2017 and 2018, Alex Feerer is listed as the Chief Executive Officer or President, and Maya Feerer is listed as Secretary for GLES, Corp. As indicated in a Statement of Information filed on April 10, 2017, Alex Feerer was also one of two acting directors of GLES, Corp.[1] In addition, the address for GLES, Corp. is the same address provided for Alex Feerer and Maya Feerer, 220 Lombard Street, Suite 823, San Francisco, CA 94111 [See Ex. "P"].

36.     Our firm also obtained all documents available on California's Secretary of State website for GLES, LLC. Attached as Exhibit "Q" are true and correct copies of the corporate documents submitted to California's Secretary of State and made available on the Secretary of State website for GLES, LLC.

37.     Alex Feerer is listed as Chief Executive Officer or President of GLES, LLC in the

---

[1] As of the most recently filed documents on California's Secretary of State website, Alex Feerer is no longer listed as a director for GLES, Corp. The only director included in GLES, Corp.'s Statement of Information from May 17, 2018 is Marat Kulakov, whose address is also listed as 220 Lombard St., Unit 823, San Francisco, CA 94111.

1   statement of information filed in 2017. Alex Feerer is the only manager or member recorded for

2   GLES, LLC. The business address for GLES, LLC is the same as Alex Feerer's address, 220

3   Lombard Street, Suite 823, San Francisco, CA 94111 [See Ex. "P"]. This is the same business

4   address listed for GLES, Corp. [See Ex. "Q"].

5          38.    As of the date of this motion, GLES, Corp. has still failed to provide supplemental

6   documents and interrogatories as promised. Further, GLES, Corp. has failed to make any payment

7   on the judgment issued against on November 14, 2017.

8          39.    As a result of GLES, Corp.'s failure to make payment on its obligations per the

9   contract, TMCO initiated the underlying arbitration, and the subsequent petition to confirm the

10  arbitration award in this Court.

11         40.    Following GLES, Corp.'s failure to make payment on the arbitration award, TMCO

12  began enforcement proceedings against GLES, Corp., which includes but is not limited to

13  completing the two debtor examinations of Alex Feerer, interrogatories and document requests to

14  GLES, Corp., review of documents, internal research of GLES, Corp. and GLES, LLC, and

15  preparation of the subject motion. Since the final judgment was entered in November 2017, our

16  office has incurred additional attorney's fees and costs in the enforcement proceedings in the total

17  amount of $87,340.36.

18         41.    I agree that a facsimile transmission or electronic (PDF) of my signature shall be as

19  binding as the original.

20         I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct.

22         Executed this     th day of November, 2019 in Los Angeles, California.

23  DATED: November     , 2019          MUSICK, PEELER & GARRETT LLP

24

25

26                                   By:      /s/ Nathan D. O'Malley

26                                         Nathan D. O'Malley
                                           Attorneys for TMCO LTD.
27

28

# EXHIBIT A

1   Svetlana Kamyshanskaya, Esq. (SBN 309408)
    Primum Law Group, PC
2   555 California Street, Suite 4925
    San Francisco, CA 94104-1717
3   Tel. (415)659-7975
    Email: svkam@primumlaw.com
4

5   Attorneys for Responding Party
    GREEN LIGHT ENERGY SOLUTION
6   R&D CORP.

7

8               UNITED STATES DISTRICT COURT

9   NOTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DEVISION

10

11  TMCO LTD,                          Case No.: 4:17-CV-00997-KAW

12      Petitioner,                    **RESPONSES TO SPECIAL
                                       INTERROGATORIES**
13  v.
                                       **SET ONE (1)**
14  GREEN LIGHT ENERGY SOLUTIONS R&D
    CORP.,                             Assigned to: Magistrate Judge Kandis A.
15                                     Westmore
        Respondent.
16

17

18

19  **Propounding Party:**       **PETITIONER TMCO LTD.**

20  **Responding Party:**        **RESPONDENT GREEN LIGHT ENERGY SOLUTION R&D**

21                               **CORP.**

22  **Set Number:**              **ONE (1)**

23

24

25

26

27

28
                                     1
    GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Pursuant to FED. R. CIV. P 33 (b) and to Section 2030.210 California Code of Civil Procedure, *et seq.*, Respondent Green Light energy Solution R&D Corp., ("Responding Party") hereby responds to Set One of Special Interrogatories propounded by Petitioner TMCO LTD ("Propounding Party" or "TMCO"), as follows:

SPECIAL INTERROGATORY 1:

Identify all documents relating to the Examination Order which have been discovered since the date of the Deposition and not previously produced to the Petitioner.

**RESPONSE TO SPECIAL INTERROGATORY 1:**

There are no documents relating to the Examination Order that have been discovered since the date of the Deposition and not previously produced to the Petitioner.

SPECIAL INTERROGATORY 2:

For each person who has ever owned stock In the Respondent, state:

    a)  their full name, home address, home telephone number, as well as each business address and each business telephone number;

    b)  the date(s) upon which the person acquired their shares;

    c)  the consideration paid or promised for the shares and the date(s) on which it was paid;

    d)  the number of shares owned and the percentage of shares owned as measured against the total outstanding shares of the corporation;

    e)  whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of the Respondent and, if so, the identity of the other person and the nature of the relationship.

**RESPONSE TO SPECIAL INTERROGATORY 2:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party.

All information about the Responding Party stockholders was produced before.

Without waiving the above objection(s) or the right to supplement this response, Responding

2

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

Party responds as follows:

(1)(a) Green Light Energy Solution, LLC;

     220 Lombard Street, Suite 823, San Francisco, CA 94111;

(b) June 1, 2010;

(c) Non-cash consideration the value of each was  determine as $ 510,000;

(d) 51,000,000 shares;

(e) Not applicable;

(2)(a) OOO' Inginiringovaa Company "Novue Ecologichnye Predpriyatiya"

     22 Poima street, Izhevsk City, Udmurdskiy Region, 426028

(b) April 16, 2012

(c) $122,600;

(d) 30,650 shares;

(e) Not applicable;

(3)(a) Alex Rovt

     Respondent  does not have information about  currect address of Alex Rovt;

(b) April 18, 2011;

(c) $2,000,000;

(d) 4,000,000 shares;

(e) Alex Rovt  is not related by blood or marriage to any other person who is or has been a shareholder, officer, or director of the Respondent;

(4)(a) Vladimir Cadovichs

     2 Veiu, Jrmala, Latvia 28010

(b) March 31, 2013

(c) $50,000;

(d) 50,000 shares;

(e) Vladimir Cadovichs is not related by blood or marriage to any other person who is or has been a shareholder, officer, or director of the Respondent.

3

GREEN LIGHT ENERGY SOLUTIONS R&D CORP'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

SPECIAL INTERROGATORY 3:

Identify all bank accounts controlled, directly or indirectly, by the Respondent within the past five years by stating:

    a) the identity of the financial institution at which the account is or was maintained, including the business address and business telephone number of the institution;

    b) the account number;

    c) the date the account was opened;

    d) the date the account was closed, if applicable;

    e) the identity of each person authorized to sign checks or access the account on behalf of the Respondent;

    f) the current balance in the account;

    g) the name under which the bank account was opened.

**RESPONSE TO SPECIAL INTERROGATORY 3:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

(1)(a) Bank of America, 1455 Stockton St, San Francisco, CA 94133;

(b) 0281572994;

(c) Match, 2010;

(d) November 2017;

(e) Alex Feerer;

(f) n/a;

(g) Green Light Energy Solution Corporation.

//

//

//

4

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

SPECIAL INTERROGATORY 4:

Identify each person who has served as an officer or management-level employee of the Respondent at any time during the past five years by stating:

    a) their full name, home address, home telephone number, as well as each business address and each business telephone number;

    b) the office(s) or position(s) held at the applicable dates;

    c) the salary, benefits, and any other compensation paid to the person during each of the past five years.

**RESPONSE TO SPECIAL INTERROGATORY 4**:

1(a) Alex Feerer,

1(b) CEO, March 2010 to October 2015;

1(c) Respondent does not have information and/or documents about the salary, benefits and other compensations paid during the last 5 years.

2(a) Marat Kulakov;

2(b) CTO, April 2010 to October 2015;

2(c) Respondent does not have information and/or documents about the salary, benefits and other compensations paid during the last 5 years.

3(a) Denis Zagorsky;

3(b) CFO, April 2010 to October 2015.

3(c) Respondent does not have information and/or documents about the salary, benefits and other compensations paid during the last 5 years.

SPECIAL INTERROGATORY 5:

Identify any shareholder, officer, or director of the Respondent who has ever loaned money to the Respondent directly or through an entity they control or have an interest in, by stating:

    a) the identity of the person making the loan;

    b) the date of the loan;

    c) the amount of the loan;

GREEN LIGHT ENERGY SOLUTIONS R&D CORP'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

d)  whether there was a written loan agreement, promissory note, or similar document;

e)  the date the funds loaned to the Respondent were transferred;

f)  the date and amount of each payment that the Respondent made on the loan;

g)  the interest rate, if any;

h)  the balance still owed by the Respondent, if any;

i)  the identity of the document authorizing the Respondent to enter into the loan.

**RESPONSE TO SPECIAL INTERROGATORY 5:**

(a)  Alex Feerer;

(b)  Alex Feerer loaned money to the Respondent a few times, however  Respondent  does
     not have information about the sates;

(c)  $5,000,000;

(d)  Respondent does not have the documents because the corporate files were  lost in a
     process of the management transition.

SPECIAL INTERROGATORY 6:

Identify all loans made by the Respondent to shareholders, officers, director, and/or

employees of the Respondent, within the past five years, stating:

a)  the identity of the person or entity to whom the loan was made;

b)  the date of the loan;

c)  the amount of the loan;

d)  whether there was a written loan agreement, promissory note, or similar document;

e)  the date and amount of each payment that the borrower has made to the Respondent on
    the loan;

f)  the interest rate, if any;

g)  the balance still owed to the Respondent, if any.

**RESPONSE TO SPECIAL INTERROGATORY 6:**

Respondent did not make any loans within the past five years.

6

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

SPECIAL INTERROGATORY 7:

Excluding those people identified in your answer to the previous Interrogatory No. 6 above, has the Respondent ever loaned money to any other person or entity? If so, for each such loan, state:

    a)  the identity of the person or entity to whom the loan was made;

    b)  the date of the loan;

    c)  the amount of the loan;

    d)  whether there was a written loan agreement, promissory note, or similar document;

    e)  the date and amount of each payment that the borrower has made to the Respondent on the loan;

    f)  the interest rate, if any;

    g)  the relationship (if any) between the recipient of the loan and a shareholder, officer, agent or director of Respondent.

**RESPONSE TO SPECIAL INTERROGATORY 7:**

Responding Party objects to this request on the ground it overbroad and seeks disclosure of the information that is not reasonably related to the issue presented by the subject matter of this procedure, and is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Respondent did not load money to any other person or entity within the past five years.

SPECIAL INTERROGATORY 8:

Have any funds been paid to any shareholder, officer, employee, or director for services as an advance on services to be performed later? If so, for each such advance, state:

    a)  the identity of the person to whom the funds were advanced;

    b)  the date of the advance;

    c)  the amount of the advance;

    d)  the services to be performed, whether they were performed and when they were performed.

7

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

**RESPONSE TO SPECIAL INTERROGATORY 8**:

Responding Party objects to this request on the ground that it is vague, ambiguous, and overly broad. Responding Party further objects to this request on the ground it seeks information that is not relevant to the current procedure and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f).  Propounding Party is invited to meet-and-confer regarding this request.

SPECIAL INTERROGATORY 9:

Identify each payment received falling under the category of "Consideration Paid Per Share" set forth in Exhibit 2 to the Deposition Transcript, by stating:

    a)  the date of the payment;

    b)  the bank account to which the payment was made;

    c)  the identity of any record(s) recording the payment(s)

    d)  the identity of the person or entity making the payment.

**RESPONSE TO SPECIAL INTERROGATORY 9**:

Responding Party objects to this request on the ground that it is vague, ambiguous, and overly broad. Responding Party further objects to this request on the ground it seeks information that is not relevant to the current procedure and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f).  Propounding Party is invited to meet-and-confer regarding this request.

SPECIAL INTERROGATORY 10:

With regard to the Respondent, have there been any meetings of the Board of Directors during the past five years? If so, for each such meeting, state:

    a)  the date, time, and location of the meeting;

    b)  the identity of each person in attendance at the meeting;

    c)  identify the record of such a meeting.

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

**RESPONSE TO SPECIAL INTERROGATORY 10:**

Responding Party objects to this request on the ground it seeks disclosure of the information that is not reasonably related to the issue presented by the subject matter of this procedure, and is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Also Responding Party Object on the ground that it seeks proprietary information that is confidential and privileged from disclosure. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Pursuant to CCP §2030.210(a)(2), Responding Party exercises the option to produce writings in response to this request. Please refer to "DOCUMENTS" on the USB Flash Drive produced for further details.

**SPECIAL INTERROGATORY 11:**

With regard to the Respondent, have there been any meetings of the shareholders within the past five years? If yes, please provide the following:

    a) the date, time, and location of the meeting;

    b) the identity of each person in attendance at the meeting;

    c) identify the record of such a meeting.

**RESPONSE TO SPECIAL INTERROGATORY 11:**

Responding Party objects to this request on the ground it seeks disclosure of the information that is not reasonably related to the issue presented by the subject matter of this procedure, and is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Also Responding Party Object on the ground that it seeks proprietary information that is confidential and privileged from disclosure. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

To the best of Responding Party's knowledge Respondent did not have shareholders meeting within the past five years.

SPECIAL INTERROGATORY 12:

Within the last five years identify any gifts made to any person or entity by Respondent, stating the following:

    a) the identity of the recipient;

    b) whether it was a monetary gift or a gift of some other property and a brief description of what was given;

    c) the date of the gift;

    d) the Respondent's reasons for making the gift.

**RESPONSE TO SPECIAL INTERROGATORY 12:**

Responding Party objects to this request on the ground that it is vague, ambiguous, and overly broad. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f).  Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

To the best of Responding Party's knowledge Respondent did not any gifts within the past five years.

SPECIAL INTERROGATORY 13:

During the past five years, has the respondent forgiven any debts owed to it? If so, for each such debt, state:

    a) the identity of the person or entity indebted to the Respondent;

    b) the amount of the debt;

    c) the amount of the debt forgiven;

    d) the date on which the debt was forgiven;

    e) the Respondent's reasons for forgiving the debt.

//

//

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's Responses to Special Interrogatories, Set One

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

**RESPONSE TO SPECIAL INTERROGATORY 13:**

Responding Party objects to this request on the ground that it is vague, ambiguous, and overly broad. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

To the best of Responding Party's knowledge Respondent did not forgive any debts owed to it within the past five years.

SPECIAL INTERROGATORY 14:

Does Respondent lease or own any real property in its own name? If so, for each parcel of property, state:

    a)   the address of the property (including country);

    b)   whether the property is owned or leased;

    c)   the date that the property was purchased or leased;

    d)   the name Respondent used to sign or execute the purchase or lease;

    e)   the date the lease ended.

**RESPONSE TO SPECIAL INTERROGATORY 14:**

Responding Party objects to this request on the ground that it is vague, ambiguous, and overly broad. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

To the best of Responding Party's knowledge Respondent Party does not lease or own the property in its own name.

SPECIAL INTERROGATORY 15:

With regard to the sums which are the subject of this action, state:

    a)   the date on which the Respondent first learned that ICC Arbitration 20633 had been initiated;

11

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

b) the date on which the Respondent first learned that the arbitrator in ICC Arbitration 20633 had issued a final award;

c) the date on which ICC Arbitration 20633 was first discussed by the shareholders or the directors of Respondent and identify the record of such a meeting.

**RESPONSE TO SPECIAL INTERROGATORY 15:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

(a) I do not remember;

(b) I do not remember;

(c) I do not remember.

SPECIAL INTERROGATORY 16:

At any time after the date(s) identified in the Respondent's answer to the previous Interrogatory, did the Respondent transfer funds, assets, or property of any kind to any person or entity outside the ordinary course of business or prepay any anticipated expenses? If so, for each such action, state:

a) the identity of the transferee, including their full name, business address, and each business telephone number;

b) the date of the transfer;

c) a brief description of what was transferred, its value, and the consideration, if any;

d) the Respondent's reasons for the transfer.

**RESPONSE TO SPECIAL INTERROGATORY 16:**

Responding Party objects to this request on the ground that it is vague, ambiguous, and overly broad. Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

To the best of Responding Party's knowledge Respondent Party did not transfer funds, assets, or property of any kind to any person or entity outside the ordinary course of business or prepay any anticipated expenses.

SPECIAL INTERROGATORY 17:

Has the Respondent filed federal tax returns during any of the past five years? If so, for each such return, state:

> a) the identity of the person who prepared the return, including their business address and business telephone number;
>
> b) the taxable income of the Respondent as shown on the return.

**RESPONSE TO SPECIAL INTERROGATORY 17:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Pursuant to CCP §2030.210(a)(2), Responding Party exercises the option to produce writings in response to this request. Please refer to the folder "Tax Returns" on the USB Flash Drive.

SPECIAL INTERROGATORY 18:

Has any person prepared a balance sheet, income (profit and loss) statement, cash statement, or annual report concerning the Respondent's financial activities after the year 2015? If so, for each such person, state:

> a) the identity of the person, including their business address and business telephone number;
>
> b) the documents prepared by the person and the dates on which they were prepared;
>
> c) the current location of the documents and the identity of the person with custody of them.

//

//

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

**RESPONSE TO SPECIAL INTERROGATORY 18:**

Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

To the best of Responding Party's knowledge, no person prepared a balance sheet, income (profit and loss) statement, cash statement, or annual report concerning the Respondent Party's financial activities after the year 2015.

SPECIAL INTERROGATORY 19:

Does the Respondent now, or did the Respondent at any time, have any insurance policy through which it was or could be insured for the damages set forth in ICC Arbitration 20633? If so, state the kind of coverage, the name and address of the insurer, the policy number, the policy limits, and whether a reservation of rights has been issued.

**RESPONSE TO SPECIAL INTERROGATORY 19:**

To the best of Responding Party's knowledge, Respondent did not and does not have an insurance policy through which it was or could be insured for the damages set forth in ICC Arbitration 20633.

SPECIAL INTERROGATORY 20:

Identify the date of receipt and reason for the receipt of payment of 1.2 million U.S. dollars described at page 70 of the Deposition Transcript, at line(s) 4-7, 13-14, 19-23.

**RESPONSE TO SPECIAL INTERROGATORY 20:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Respondent does not have information about the date of this payment.

//

//

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's Responses to Special Interrogatories, Set One

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

SPECIAL INTERROGATORY 21:

For the payment described in the previous Interrogatory, identify the current location of those amounts.

**RESPONSE TO SPECIAL INTERROGATORY 21:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

The funds were spent on the manufacturing and assembling the demo version of the equipment.

SPECIAL INTERROGATORY 22:

Identify all payments made in the past five years to the entity/or person described as PZM in Exhibit 5 to the Deposition Transcript. For each payment, please identify:

       a)  the date of the payment;

       b)  bank account from which the payment was made;

       c)  the purpose for the payment.

**RESPONSE TO SPECIAL INTERROGATORY 22:**

Respondent Party does not have an information about the payments because the  financial and corporate documents were lost.

SPECIAL INTERROGATORY 23:

Identify all bank transfers for the year 2011 for the account identified as "Checking-BofA" on Exhibit 5 of the Deposition Transcript. For each transfer, include the following:

       a)  the date of the transfer;

       b)  the recipient of the transfer;

       c)  the record of the transfers.

//

//

//

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's Responses to Special Interrogatories, Set One

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

**RESPONSE TO SPECIAL INTERROGATORY 23**:

Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Responding Party does not have recollection for each transfer in 2011, and it does not have bank statements for the year of 2011.

SPECIAL INTERROGATORY 24:

Identify the recipient(s) of the "Loan to Industry" noted on Exhibit 5 to the Deposition Transcript. Please provide the following:

    a) the name and location of the recipient(s);

    b) the bank account of the recipient(s);

    c) the date of the transfer to the recipient(s).

**RESPONSE TO SPECIAL INTERROGATORY 24**:

    (a) Green Light Energy Solution Industry, Russia;

    (b) Respondent Party does not have an information about the account number;

    (c) Responding Party gave a few loans to Green Light Energy Solution Industry over 3 years period starting 2007 years.

SPECIAL INTERROGATORY 25:

Identify with specificity those assets comprising "Total Inventory" on Exhibit 5 to the Deposition Transcript. Please provide the following:

    a) description of each item or category of items comprising the inventory;

    b) the current estimated value of each of the aforementioned item or category of items;

    c) the current location of the item or category items;

    d) the person or entity which holds the legal title to the item or category described above.

//

//

//

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

**RESPONSE TO SPECIAL INTERROGATORY 25:**

Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Pursuant to CCP §2030.210(a)(2), Responding Party exercises the option to produce writings in response to this request. Please refer to the folder "Inventory" on the USB Flash Drive.

**SPECIAL INTERROGATORY 26:**

Identify the last known contact details for Dennis Zagorsky, the person identified on page 72 of the Deposition Transcript.

**RESPONSE TO SPECIAL INTERROGATORY 26:**

Responding Party does not have Denis Zagorsly contact information.

**SPECIAL INTERROGATORY 27:**

Identify all amounts paid by Respondent for the procurement of electricity, cable/satellite, television, water or internet services at the address of 220 Lombard Street, Suite 823, San Francisco, California 94111 within the past five years, by stating:

    a) the date of the payment;

    b) what account the payment was made from; and

    c) identify the record of the payment.

**RESPONSE TO SPECIAL INTERROGATORY 27:**

Responding Party further objects to this request on the ground it contains subparts, or a compound, conjunctive, or disjunctive question in violation of CCP §2030.060(f). Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving the above objection(s) or the right to supplement this response, Responding Party responds as follows:

Pursuant to CCP §2030.210(a)(2), Responding Party exercises the option to produce writings in response to this request. Please refer to the folder "Bank Statement" on the USB Flash Drive.

//

17

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

SPECIAL INTERROGATORY 28:

Identify any amounts paid by Respondent in satisfaction of a tax liability charged on 220 Lombard Street, Suite 823, San Francisco, California 94111, by stating:

    a)  the date the payment was made;

    b)  the tax notice or demand the payment corresponds to; and

    c)  the identity of any records which record the demand or the payment.

**RESPONSE TO SPECIAL INTERROGATORY 28:**

Responding Party does not have knowledge about tax liability charges.

18

GREEN LIGHT ENERGY SOLUTIONS R&D CORP'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

1

2   Dated: May 30, 2019                          PRIMUM LAW GROUP, PC

3

4                                               *Svetlana Kamyshanskaya*

5                                               Svetlana Kamyshanskaya, Esq.
                                                Attorney for Plaintiff/Responding Party
6                                               **Green Light Energy Solution R&D Corp.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        19

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

1
2
3

## **VERIFICATION**

4
5
I, Alex Feerer, am the chief executive officer, secretary, and chief financial officer for the

6
plaintiff in this action. I have read the foregoing Responses to Special Interrogatories, Set One (1),

7
and have personal knowledge the contents thereof, except those matters which are stated on

8
information and belief. As to those matters stated on information and belief, I am informed and

9
believe, and on that basis, allege that the matters stated therein are true.

10
Executed under penalty of perjury under the laws of the State of California, on this 30th day

11
of May 2019.

12
*Alex Feerer*

13
ALEX FEERER

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

Doc ID: 450e65cfda8c63ed8db4d35349816271d7206063

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 555 California St., Suite 4925, San Francisco, CA 94104.

On May 30, 2019, I served true copies of the following documents described as **RESPONSES TO SPECIAL INTERROGATORIES, SET ONE (1)** on the interested parties in this action as follows:

**PETER J. DIEDRICH**
**MUSICK, PEELER & GARRETT LLP**
**624 South Grand Avenue, Suite 2000**
**Los Angeles, California 90017-3383**
**Telephone: (213) 629-7600**
**Facsimile: (213) 624 – 1376**
**Email: p.dietrich@musickpeeler.com**
**Attorney for TMCO LTD.**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and send the document by mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 30, 2019, in San Francisco, California.

MICHAEL A. GUREVICH

1

GREEN LIGHT ENERGY SOLUTIONS R&D CORP's Responses to Special Interrogatories, Set One

**MUSICK, PEELER & GARRETT LLP**
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone: (213) 629-7600
Facsimile: (213) 624-1376

Nathan D. O'Malley (State Bar No. 212193)
n.omalley@musickpeeler.com
Peter J. Diedrich (State Bar No. 101649)
p.diedrich@musickpeeler.com
Marcio Vasconcellos (State Bar No. 313849)
m.vasconcellos@musickpeeler.com

Attorneys for Petitioner, TMCO LTD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TMCO LTD, | CASE No.  4:17-CV-00997-KAW |
| Petitioner, | **PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.** |
| vs. | |
| GREEN LIGHT ENERGY SOLUTIONS R&D CORP., | **SET ONE** |
| Respondent. | Assigned to: Magistrate Judge Kandis A. Westmore |

**PROPOUNDING PARTY:**     **PETITIONER TMCO LTD.**

**RESPONDING PARTY:**     **RESPONDENT GREEN LIGHT ENERGY**

**SOLUTIONS R&D CORP.**

**SET NO.:**     **ONE**

Pursuant to Fed. R. Civ. P. 69(a)(2) and to Section 2030.010, *et seq.* of the California *Code of Civil Procedure*, Petitioner TMCO LTD. ("TMCO") hereby requests that Respondent GREEN LIGHT ENERGY SOLUTIONS R&D CORP. ("Green Light") respond to the following interrogatories, separately and fully, in writing and under oath, and that the response be signed by the person making them

MUSICK, PEELER
& GARRETT LLP

1  and be served upon Propounding Party within thirty (30) days from the date of

2  service.

3         In responding to these Interrogatories, you are requested to furnish all

4  information available to you or any of your representatives, employees, agents or

5  attorneys and to furnish all information that is in your possession or under your

6  control.  If you cannot answer or respond to any of the following Interrogatories in

7  full, after exercising due diligence to secure the information requested therein,

8  please so set and answer the Interrogatory to the extent possible, specifying any

9  inability to answer and setting whatever information you have concerning the

10  unanswered portion.

11         When responding to these Interrogatories you are requested to refer to

12  the following definitions:

13         (1)    Respondent:  Green Light Energy Solutions R&D Corp.

14         (2)    Deposition:  the debtor exam taken of Alex Feerer under oath of

15  February 15, 2018 and continued on November 29, 2018.

16         (3)    Deposition Transcript:  the transcript of the Deposition provided

17  to the Respondent and Petitioner.

18         (4)    Examination Order:  The Order Granting Application For

19  Examination Of And Production Of Documents From Judgment Debtor As

20  Modified, issued by the U.S. District Court of the Northern District of California,

21  dated February 15, 2018.

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

24         Identify all documents relating to the Examination Order which have been

25  discovered since the date of the Deposition and not previously produced to the

26  Petitioner.

### SPECIAL INTERROGATORY NO. 2:

28         For each person who has ever owned stock in the Respondent, state:

MUSICK, PEELER
& GARRETT LLP

1152721.1                                    2                    Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

(a) their full name, home address, home telephone number, as well as each business address and each business telephone number;

(b) the date(s) upon which the person acquired their shares;

(c) the consideration paid or promised for the shares and the date(s) on which it was paid;

(d) the number of shares owned and the percentage of shares owned as measured against the total outstanding shares of the corporation;

(e) whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of the Respondent and, if so, the identity of the other person and the nature of the relationship.

**SPECIAL INTERROGATORY NO. 3:**

Identify all bank accounts controlled, directly or indirectly, by the Respondent within the past five years by stating:

(a) the identity of the financial institution at which the account is or was maintained, including the business address and business telephone number of the institution;

(b) the account number;

(c) the date the account was opened;

(d) the date the account was closed, if applicable;

(e) the identity of each person authorized to sign checks or access the account on behalf of the Respondent;

(f) the current balance in the account;

(g) the name under which the bank account was opened.

**SPECIAL INTERROGATORY NO. 4:**

Identify each person who has served as an officer or management-level employee of the Respondent at any time during the past five years by stating:

(a) their full name, home address, home telephone number, as well as each

MUSICK, PEELER & GARRETT LLP

1152721.1                                         3                        Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

business address and each business telephone number;

(b)    the office(s) or position(s) held at the applicable dates;

(c)    the salary, benefits, and any other compensation paid to the person during each of the past five years.

**SPECIAL INTERROGATORY NO. 5:**

Identify any shareholder, officer, or director of the Respondent who has ever loaned money to the Respondent directly or through an entity they control or have an interest in, by stating:

(a)    the identity of the person making the loan;

(b)    the date of the loan;

(c)    the amount of the loan;

(d)    whether there was a written loan agreement, promissory note, or similar document;

(e)    the date the funds loaned to the Respondent were transferred;

(f)    the date and amount of each payment that the Respondent made on the loan;

(g)    the interest rate, if any;

(h)    the balance still owed by the Respondent, if any;

(i)    the identity of the document authorizing the Respondent to enter into the loan.

**SPECIAL INTERROGATORY NO. 6:**

Identify all loans made by the Respondent to shareholders, officers, directors, and/or employees of the Respondent, within the past five years, stating:

(a)    the identity of the person or entity to whom the loan was made;

(b)    the date of the loan;

(c)    the amount of the loan;

(d)    whether there was a written loan agreement, promissory note, or similar document;

MUSICK, PEELER
& GARRETT LLP

1152721.1                                   4                        Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

1     (e)    the date and amount of each payment that the borrower has made to the

2                 Respondent on the loan;

3     (f)    the interest rate, if any;

4     (g)    the balance still owed to the Respondent, if any.

5 **SPECIAL INTERROGATORY NO. 7:**

6     Excluding those people identified in your answer to the previous

7 Interrogatory No. 6 above, has the Respondent ever loaned money to any other

8 person or entity?  If so, for each such loan, state:

9     (a)    the identity of the person or entity to whom the loan was made;

10     (b)    the date of the loan;

11     (c)    the amount of the loan;

12     (d)    whether there was a written loan agreement, promissory note, or similar

13                 document;

14     (e)    the date and amount of each payment that the borrower has made to the

15                 Respondent on the loan;

16     (f)    the interest rate, if any;

17     (g)    the balance still owed to the Respondent, if any;

18     (h)    the relationship (if any) between the recipient of the loan and a

19                 shareholder, officer, agent or director of Respondent.

20 **SPECIAL INTERROGATORY NO. 8:**

21     Have any funds been paid to any shareholder, officer, employee, or director

22 for services as an advance on services to be performed later?  If so, for each such

23 advance, state:

24     (a)    the identity of the person to whom the funds were advanced;

25     (b)    the date of the advance;

26     (c)    the amount of the advance;

27     (d)    the services to be performed, whether they were performed and when

28                 they were performed.

MUSICK, PEELER
& GARRETT LLP

1152721.1

5

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

**SPECIAL INTERROGATORY NO. 9:**

Identify each payment received falling under the category of "Consideration Paid Per Share" set forth in Exhibit 2 to the Deposition Transcript, by stating:

    (a)    The date of the payment;

    (b)    The bank account to which the payment was made;

    (c)    The identity of any record(s) recording the payment(s)

    (d)    The identity of the person or entity making the payment.

**SPECIAL INTERROGATORY NO. 10:**

With regard to the Respondent, have there been any meetings of the Board of Directors during the past five years?  If so, for each such meeting, state:

    (a)    the date, time, and location of the meeting;

    (b)    the identity of each person in attendance at the meeting;

    (c)    identify the record of such a meeting.

**SPECIAL INTERROGATORY NO. 11**

With regard to the Respondent, have there been any meetings of the shareholders within the past five years? If yes, please provide the following:

    (a)    the date, time, and location of the meeting;

    (b)    the identity of each person in attendance at the meeting;

    (c)    identify the record of such a meeting.

**SPECIAL INTERROGATORY NO. 12:**

Within the last five years identify any gifts made to any person or entity by Respondent, stating the following:

    (a)    the identity of the recipient;

    (b)    whether it was a monetary gift or a gift of some other property and a brief description of what was given;

    (c)    the date of the gift;

    (d)    the Respondent's reasons for making the gift.

MUSICK, PEELER
& GARRETT LLP

1152721.1

6

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

**SPECIAL INTERROGATORY NO. 13:**

During the past five years, has the Respondent forgiven any debts owed to it? If so, for each such debt, state:

(a)     the identity of the person or entity indebted to the Respondent;

(b)     the amount of the debt;

(c)     the amount of the debt forgiven;

(d)     the date on which the debt was forgiven;

(e)     the Respondent's reasons for forgiving the debt.

**SPECIAL INTERROGATORY NO. 14:**

Does Respondent lease or own any real property in its own name?  If so, for each parcel of property, state:

(a)     the address of the property (including country);

(b)     whether the property is owned or leased;

(c)     the date that the property was purchased or leased;

(d)     the name Respondent used to sign or execute the purchase or lease;

(e)     the date the lease ended.

**SPECIAL INTERROGATORY NO. 15:**

With regard to the sums which are the subject of this action, state:

(a)     the date on which the Respondent first learned that ICC Arbitration 20633 had been initiated;

(b)     the date on which the Respondent first learned that the arbitrator in ICC Arbitration 20633 had issued a final award;

(c)     the date on which ICC Arbitration 20633 was first discussed by the shareholders or the directors of Respondent and identify the record of such a meeting.

**SPECIAL INTERROGATORY NO. 16:**

At any time after the date(s) identified in the Respondent's answer to the previous Interrogatory, did the Respondent transfer funds, assets, or property of any

MUSICK, PEELER
& GARRETT LLP

1152721.1                                         7                          Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

1   kind to any person or entity outside the ordinary course of business or prepay any

2   anticipated expenses?  If so, for each such action, state:

3     (a)   the identity of the transferee, including their full name, business

4            address, and each business telephone number;

5     (b)   the date of the transfer;

6     (c)   a brief description of what was transferred, its value, and the

7            consideration, if any;

8     (d)   the Respondent's reasons for the transfer.

9   **SPECIAL INTERROGATORY NO. 17:**

10     Has the Respondent filed federal tax returns during any of the past five years?

11  If so, for each such return, state:

12     (a)   the identity of the person who prepared the return, including their

13            business address and business telephone number;

14     (b)   the taxable income of the Respondent as shown on the return.

15  **SPECIAL INTERROGATORY NO. 18:**

16     Has any person prepared a balance sheet, income (profit and loss) statement,

17  cash statement, or annual report concerning the Respondent's financial activities

18  after the year 2015?  If so, for each such person, state:

19     (a)   the identity of the person, including their business address and business

20            telephone number;

21     (b)   the documents prepared by the person and the dates on which they were

22            prepared;

23     (c)   the current location of the documents and the identity of the person

24            with custody of them.

25  **SPECIAL INTERROGATORY NO. 19:**

26     Does the Respondent now, or did the Respondent at any time, have any

27  insurance policy through which it was or could be insured for the damages set forth

28  in ICC Arbitration 20633?  If so, state the kind of coverage, the name and address of

MUSICK, PEELER
& GARRETT LLP

1152721.1                               8                  Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

the insurer, the policy number, the policy limits, and whether a reservation of rights has been issued.

**SPECIAL INTERROGATORY NO. 20:**

Identify the date of receipt and reason for the receipt of payment of 1.2 million U.S. dollars described at page 70 of the Deposition Transcript, at line(s) 4-7, 13-14, 19-23.

**SPECIAL INTERROGATORY NO. 21:**

For the payment described in the previous Interrogatory, identify the current location of those amounts.

**SPECIAL INTERROGATORY NO. 22:**

Identify all payments made in the past five years to the entity/or person described as PZM in Exhibit 5 to the Deposition Transcript.  For each payment, please identify:

    (a)    the date of the payment;

    (b)    bank account from which the payment was made;

    (c)    the purpose for the payment.

**SPECIAL INTERROGATORY NO. 23:**

Identify all bank transfers for the year 2011 for the account identified as "Checking-BofA" on Exhibit 5 of the Deposition Transcript.  For each transfer, include the following:

    (a)    the date of the transfer;

    (b)    the recipient of the transfer;

    (c)    the record of the transfers.

**SPECIAL INTERROGATORY NO. 24:**

Identify the recipient(s) of the "Loan to Industry" noted on Exhibit 5 to the Deposition Transcript.  Please provide the following:

    (a)    the name and location of the recipient(s);

    (b)    the bank account of the recipient(s);

MUSICK, PEELER
& GARRETT LLP

1152721.1

9

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

1      (c)    the date of the transfer to the recipient(s).

2  **SPECIAL INTERROGATORY NO. 25:**

3      Identify with specificity those assets comprising "Total Inventory" on Exhibit

4  5 to the Deposition Transcript.  Please provide the following:

5      (a)    description of each item or category of items comprising the inventory;

6      (b)    the current estimated value of each of the aforementioned item or

7  category of items;

8      (c)    the current location of the item or category of items;

9      (d)    the person or entity which holds the legal title to the item or category

10      described above.

11  **SPECIAL INTERROGATORY NO. 26:**

12      Identify the last known contact details for Dennis Zagorsky, the person

13  identified on page 72 of the Deposition Transcript.

14  **SPECIAL INTERROGATORY NO. 27:**

15      Identify all amounts paid by Respondent for the procurement of electricity,

16  cable/satellite, television, water or internet services at the address of 220 Lombard

17  Street, Suite 823, San Francisco, California 94111 within the past five years, by

18  stating:

19      (a)    the date of the payment;

20      (b)    what account the payment was made from; and

21      (c)    identify the record of the payment.

22  **SPECIAL INTERROGATORY NO. 28:**

23      Identify any amounts paid by Respondent in satisfaction of a tax liability

24  charged on 220 Lombard Street, Suite 823, San Francisco, California 94111, by

25  stating:

26      (a)    the date the payment was made;

27      (b)    the tax notice or demand the payment corresponds to; and

28

MUSICK, PEELER & GARRETT LLP

1152721.1

10

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

1       (c)    the identity of any records which record the demand or the payment.

2

3 DATED: May ___, 2019       MUSICK, PEELER & GARRETT LLP

4

5

6                   By: _____

7                       Peter J. Diedrich
                      Attorneys for Petitioner, TMCO LTD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

1152721.1           11          Case No. 4:17-CV-00997-KAW
PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is One Wilshire Building, 624 South Grand Avenue, Suite 2000, Los Angeles, CA 90017-3383.

On May  1 , 2019, I served true copies of the following document(s) described as **PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS** on the interested parties in this action as follows:

**Svetlana Kamyshanskaya**
**PRIMUM LAW GROUP**
**555 California Street, Suite 4925**
**San Francisco, CA 94104**
**Telephone:  (415) 659-7975**
**Email:  svkam@primumlaw.com**
**Attorneys for Defendant**
**Green Light Energy Solutions R&D Corp.**

☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May  1 , 2019, at Los Angeles, California.

Donna C. Dutra

MUSICK, PEELER & GARRETT LLP

1152721.1

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

# EXHIBIT B

1  Svetlana Kamyshanskaya, Esq. (SBN 309408)
   Primum Law Group, PC
2  555 California Street, Suite 4925
   San Francisco, CA 94104-1717
3  Tel. (415)659-7975
   Email: svkam@primumlaw.com
4
5  Attorneys for Responding Party
   GREEN LIGHT ENERGY SOLUTION
6  R&D CORP.
7
8                    UNITED STATES DISTRICT COURT
9        NOTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
10
11
12 TMCO LTD,                          Case No: 4:17-CV-00997-KAW
13            Petitioner,             **RESPONSES TO REQUEST FOR
                                      PRODUCTION OF DOCUMENTS,**
14      vs.                           **SET ONE (1)**
15 GREEN LIGHT TECHNOLOGY
   SOLUTION R&D CORP.
16                                    Assigned to: Magistrate Judge Kandis A.
             Respondent.              Westmore
17
18
19
20
21
22 PROPOUNDING PARTY:   DEFENDANT UBER TECHNOLOGIES, INC.
23 RESPONDING PARTY:    PLAINTIFFF REGIONAL PROTECTION AGENCY, INC.
24 SET NO:              ONE
25      Pursuant to California Code of Civil Procedure section 2031.210, *et seq.,* Respondent
26 GREEN LIGHT TECHNOLOGY SOLUTION R&D CORP. ("Responding Party" or "Plaintiff")
27 hereby responds to Set One of Request for Production of Documents propounded by PERIRIONER
28 TMCO LTD. ("Propounding Party"), as follows:

Respondent Green Light Technology Solution R&D Corp's Responses to Document Demand, Set No. 1, Page 1

Doc ID: 2d0747b0bf8c9c180b372c8cb01cd226afac53dd

1  Request for Production Request No. 1:

2         Any and all **DOCUMENTS** identified in **YOUR** response to Special Interrogatories, Set

3  One, served concurrently herewith.

4  **Response to Request for Production Request No. 1:**

5         Responding Party will conduct a diligent search for non-privileged documents responsive to

6  this request and any that are located will be produced.

7  Request for Production Request No. 2:

8         To the extent not covered by Request for production No. 1, above, any and all documents

9  relating to the Examination Order which have been discovered since the date of the Deposition and

10  not previously produced to the Petitioner.

11  **Response to Request for Production Request No. 2:**

12         Responding Party will conduct a diligent search for non-privileged documents responsive to

13  this request and any that are located will be produced.

14  Request for Production Request No. 3:

15         Any and all **DOCUMENTS** that reflect **YOUR** corporate structure.

16  **Response to Request for Production Request No. 3:**

17         Responding Party objects to this request on the ground it seeks information already in the

18  control, custody, and possession of the Propounding Party; therefore, is equally available to

19  Propounding Party. Without waiving said objection, Responding Party responds as follows:

20         Responding Party will conduct a diligent search for non-privileged documents responsive to

21  this request and any that are located will be produced.

22  Request for Production Request No. 4:

23         Any and all **DOCUMENTS** that reflect each person who has ever owned stock in the

24  Respondent, including:

25         a)  their full name, home address, home telephone number, as well as each business

26             address and each business telephone number;

27         b)  the date(s) upon which the person acquired their shares;

28

c) the consideration paid or promised for the shares and the date(s) on which it was paid;

d) the number of shares owned and the percentage of shares owned as measured against the total outstanding shares of the corporation;

e) whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of the Respondent and, if so, the identity of the other person and the nature of the relationship.

**Response to Request for Production Request No. 4:**

Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving said objection, Responding Party responds as follows:

Responding Party will conduct a diligent search for non-privileged documents responsive to this request and any that are located will be produced.

Request for Production Request No. 5:

Any and all **DOCUMENTS** that identify all bank accounts controlled, directly or indirectly, by the Respondent within the past five years by stating:

a) the identity of the financial institution at which the account is or was maintained, including the business address and business telephone number of the institution;

b) the account number;

c) the date the account was opened;

d) the date the account was closed, if applicable;

e) the identity of each person authorized to sign checks or access the account on behalf of the Respondent;

f) the current balance in the account;

g) the name under which the bank account was opened.

**Response to Request for Production Request No. 5:**

Responding Party objects to this request on the ground it is overlybroad, seeks information that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to

1 │ this request on the ground it seeks information already in the control, custody, and possession of the
2 │ Propounding Party; therefore, is equally available to Propounding Party. Without waiving said
3 │ objection, Responding Party responds as follows:
4 │     Responding Party will conduct a diligent search for non-privileged documents responsive to
5 │ this request and any that are located will be produced.
6 │ Request for Production Request No. 6:
7 │     Any and all **DOCUMENTS** that identify each person who has served as an officer or
8 │ management-level employee of the Respondent at any time during the past five years by stating:
9 │     a) their full name, home address, home telephone number, as well as each business
10 │     address and each business telephone number;
11 │     b) the office(s) or position(s) held at the applicable dates;
12 │     c) the salary, benefits, and any other compensation paid to the person during each of the
13 │     past five years.
14 │ **Response to Request for Production Request No. 6:**
15 │     Responding Party objects to this request on the ground it is overlybroad, seeks information
16 │ that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to
17 │ this request on the ground it seeks information already in the control, custody, and possession of the
18 │ Propounding Party; therefore, is equally available to Propounding Party. Without waiving said
19 │ objection, Responding Party responds as follows:
20 │     Responding Party will conduct a diligent search for non-privileged documents responsive to
21 │ this request and any that are located will be produced.
22 │ Request for Production Request No. 7:
23 │     Any and all **DOCUMENTS** that identify any shareholder, officer, or director of the
24 │ Respondent who has ever loaned money to the Respondent directly or through an entity they control
25 │ or have an interest in, by stating:
26 │     a) the identity of the person making the loan;
27 │     b) the date of the loan;
28 │     c) the amount of the loan;

1     d)  whether there was a written loan agreement, promissory note, or similar document;

2     e)  the date the funds loaned to the Respondent were transferred;

3     f)  the date and amount of each payment that the Respondent made on the loan;

4     g)  the interest rate, if any;

5     h)  the balance still owed by the Respondent, if any;

6     i)  the identity of the document authorizing the Respondent to enter into the loan.

7  **Response to Request for Production Request No. 7:**

8  Responding Party objects to this request on the ground it is overlybroad, seeks information

9  that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to

10  this request on the ground it seeks information already in the control, custody, and possession of the

11  Propounding Party; therefore, is equally available to Propounding Party. Without waiving said

12  objection, Responding Party responds as follows:

13  Responding Party will conduct a diligent search for non-privileged documents responsive to

14  this request and any that are located will be produced.

15  Request for Production Request No. 8:

16  Any and all **DOCUMENTS** that identify all loans made by the Respondent to shareholders,

17  officers, directors, and/or employees of the Respondent, within the past five years, stating:

18     a)  the identity of the person or entity to whom the loan was made;

19     b)  the date of the loan;

20     c)  the amount of the loan;

21     d)  whether there was a written loan agreement, promissory note, or similar document;

22     e)  the date and amount of each payment that the borrower has made to the Respondent

23        on the loan;

24     f)  the interest rate, if any;

25     g)  the balance still owed to the Respondent, if any.

26  **Response to Request for Production Request No. 8:**

27  Responding Party objects to this request on the ground it is overlybroad, seeks information

28  that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to

Respondent Green Light Technology Solution R&D Corp's Responses to Document Demand, Set No. 1, Page 5

Doc ID: 2d0747b0bf8c9c180b372c8cb01cd226afad53dd

1    this request on the ground it seeks information already in the control, custody, and possession of the

2    Propounding Party; therefore, is equally available to Propounding Party. Without waiving said

3    objection, Responding Party responds as follows:

4        To the best of Responding Party's knowledge Responding Party did not make loans to

5    shareholders, officers, directors, and/or employees of the Respondent, within the past five years.

6    Request for Production Request No.9:

7        To the extent not covered by the Request for Production above, any and all **DOCUMENTS**

8    that identify all loans made by the Respondent, within the past five years, stating:

9        a) the identity of the person or entity to whom the loan as made;

10       b) the date of the loan;

11       c) the amount of the loan;

12       d) whether there was a written loan agreement, promissory note, or similar document;

13       e) the date and amount of each payment that the borrower has made to the Respondent

14          on the loan;

15       f) the interest rate, if any;

16       g) the balance still owed to the Respondent, if any.

17    **Response to Request for Production Request No. 9:**

18        Responding Party objects to this request on the ground it is overlybroad, seeks information

19    that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to

20    this request on the ground it seeks information already in the control, custody, and possession of the

21    Propounding Party; therefore, is equally available to Propounding Party. Without waiving said

22    objection, Responding Party responds as follows:

23        To the best of Responding Party's knowledge Responding Party did not make any loans

24    within the past five years.

25    Request for Production Request No. 10:

26        Any and all **DOCUMENTS** that identify any funds paid to any shareholder, officer,

27    employee, or director for services as an advance on services to be performed later? If so, for each

28    such advance, state:

1      a)  the identity of the person to whom the funds were advanced;

2      b)  the date of the advance;

3      c)  the amount of the advance;

4      d)  the services to be performed, whether they were performed and when they were

5         performed.

6 **Response to Request for Production Request No. 10:**

7      Responding Party objects to this request on the ground it is overlybroad, seeks information

8 that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

9 purpose of discovery. Responding Party objects to this request on the ground it seeks information

10 already in the control, custody, and possession of the Propounding Party; therefore, is equally

11 available to Propounding Party. Without waiving said objection, Responding Party responds as

12 follows:

13      To the best of Responding Party's knowledge Responding Party did not make advance

14 payments to any shareholder, officer, employee, or director for services as an advance on services to

15 be performed later.

16 Request for Production Request No. 11:

17      Any and all **DOCUMENTS** that identify each payment received falling under the category

18 of "Consideration Paid Per Share" set forth in Exhibit 2 to the Deposition Transcript, by stating:

19      a)  the date of payment;

20      b)  the bank account to which the payment was made;

21      c)  the identity of any record(s) recording the payment(s)

22      d)  the identity of the person or entity making the payment.

23 **Response to Request for Production Request No. 11:**

24      Responding Party objects to this request on the ground it is overlybroad, seeks information

25 that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

26 purpose of discovery. Responding Party objects to this request on the ground it seeks information

27 already in the control, custody, and possession of the Propounding Party; therefore, is equally

28

1  available to Propounding Party. Without waiving said objection, Responding Party responds as

2  follows:

3          Responding Party will conduct a diligent search for non-privileged documents responsive to

4  this request and any that are located will be produced.

5  Request for Production Request No. 12:

6          Any and all **DOCUMENTS** that identify any meetings of the Board of Directors during the

7  past five years, including, without limitation:

8            a)  the date, time, and location of the meeting;

9            b)  the identity of each person in attendance at the meeting;

10            c)  identify the record of such a meeting.

11  **Response to Request for Production Request No. 12:**

12          Responding Party objects to this request on the ground it is overlybroad, seeks information

13  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

14  purpose of discovery. Responding Party objects to this request on the ground it seeks information

15  already in the control, custody, and possession of the Propounding Party; therefore, is equally

16  available to Propounding Party. Without waiving said objection, Responding Party responds as

17  follows:

18          Responding Party will conduct a diligent search for non-privileged documents responsive to

19  this request and any that are located will be produced.

20  Request for Production Request No. 13:

21          Any and all **DOCUMENTS** that identify any meetings of the shareholders within the past

22  five years, including, without limitation:

23            a)  the date, time, and location of the meeting;

24            b)  the identity of each person in attendance at the meeting;

25            c)  identity of the record of such a meeting.

26  **Response to Request for Production Request No. 13:**

27          Responding Party objects to this request on the ground it is overlybroad, seeks information

28  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

1  purpose of discovery. Responding Party objects to this request on the ground it seeks information

2  already in the control, custody, and possession of the Propounding Party; therefore, is equally

3  available to Propounding Party. Without waiving said objection, Responding Party responds as

4  follows:

5       To the best of Responding Party's knowledge Responding Party did not hold the meetings of

6  the shareholders within the past five years and, therefore, does not have the minutes of the meetings.

7  Request for Production Request No. 14:

8       Any and all **DOCUMENTS** that, within the last five years, identify any gifts made to any

9  person or entity by Respondent, stating, without limitation, the following:

10       a)  the identity of the recipient;

11       b)  whether it was a monetary gift or a gift of some other property and a brief

12          description of what was given;

13       c)  the date of the gift;

14       d)  the Respondent's reasons for making the gift.

15  **Response to Request for Production Request No. 14:**

16       Responding Party objects to this request on the ground it is overlybroad, seeks information

17  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

18  purpose of discovery. Responding Party objects to this request on the ground it seeks information

19  already in the control, custody, and possession of the Propounding Party; therefore, is equally

20  available to Propounding Party. Without waiving said objection, Responding Party responds as

21  follows:

22       To the best of Responding Party's knowledge Responding Party did not make any gifts

23  within the past five years and, therefore, does not have the supporting documents.

24  Request for Production Request No. 15:

25       Any and all **DOCUMENTS** that within the last five years, identify Respondent's

26  forgiveness of any debts owed to **YOU,** stating, without limitation, the following:

27       a)  the identity of the person or entity indebted to the Respondent;

28       b)  the amount of the debt;

1        c) the amount of the debt forgiven;

2        d) the date on which the debt was forgiven;

3        e) the Respondent's reasons for forgiving the debt.

4  **Response to Request for Production Request No. 15:**

5        Responding Party objects to this request on the ground it is overlybroad, seeks information

6  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

7  purpose of discovery. Responding Party objects to this request on the ground it seeks information

8  already in the control, custody, and possession of the Propounding Party; therefore, is equally

9  available to Propounding Party. Without waiving said objection, Responding Party responds as

10  follows:

11        To the best of Responding Party's knowledge Responding Party did not forgive any debt

12  within the past five years and, therefore, does not have the supporting documents.

13  Request for Production Request No. 16:

14        Any and all **DOCUMENTS** that identify any real property Respondent leased or owned in

15  its own name, stating, without limitation, the following:

16        a) the address of the property (including country);

17        b) whether the property is owned or leased;

18        c) the date that the property was purchased or leased;

19        d) the name Respondent used to sign or execute the purchase or lease;

20        e) the date the lease ended;

21  **Response to Request for Production Request No. 16:**

22        Responding Party objects to this request on the ground it is overlybroad, seeks information

23  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

24  purpose of discovery. Responding Party objects to this request on the ground it seeks information

25  already in the control, custody, and possession of the Propounding Party; therefore, is equally

26  available to Propounding Party. Without waiving said objection, Responding Party responds as

27  follows:

28

1    Responding Party will conduct a diligent search for non-privileged documents responsive to

2    this request and any that are located will be produced.

3    Request for Production Request No. 17:

4    Any and all **DOCUMENTS** that, with regard to the sums which are the subject of this

5    action, state:

6        a) the date on which the Respondent first learned that ICC Arbitration 20633 had been

7            initiated;

8        b) the date on which the Respondent first learned that the arbitrator in ICC Arbitration

9            20633 had issued a final award;

10       c) the date on which ICC Arbitration 20633 was first discussed by the shareholders or

11           the directors of Respondent and identify the record of such meeting.

12   **Response to Request for Production Request No. 17:**

13   Responding Party objects to this request on the ground it is overlybroad, seeks information

14   that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

15   purpose of discovery. Responding Party objects to this request on the ground it seeks information

16   already in the control, custody, and possession of the Propounding Party; therefore, is equally

17   available to Propounding Party.

18   Request for Production Request No. 18:

19   Any and all DOCUMENTS that identify, at any time subsequent to the date(s) identified in

20   the respondent's answer to the previous Request for Production, that the Respondent transferred

21   funds, assets, or prepay any anticipated expenses, stating, without limitation, the following:

22       a) the identity of the transferee, including their full name, business address, and each

23           business telephone number;

24       b) the date of the transfer;

25       c) a brief description of what was transferred, its value, and the consideration, if any;

26       d) the Respondent's reasons for the transfer.

27   //

28   //

1   **Response to Request for Production Request No. 18:**

2       Responding Party objects to this request on the ground it is overlybroad, seeks information

3   that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

4   purpose of discovery. Responding Party objects to this request on the ground it seeks information

5   already in the control, custody, and possession of the Propounding Party; therefore, is equally

6   available to Propounding Party. Without waiving said objection, Responding Party responds as

7   follows:

8       Since the previous answers to the Request for Production Responding Party neither

9   transferred funds, assets, nor prepaid any anticipated expenses. Thus, Responding Party does not

10   have documents that identify these transactions.

11   Request for Production Request No. 19:

12       Any and all **DOCUMENTS** that identify that the Respondent has filed federal tax returns

13   during any of the past five years, stating, without limitation, the following:

14         a) the identity of the person who prepared the return, including their business address

15             and business telephone number;

16         b) the taxable income of the Respondent as shown on the return.

17   **Response to Request for Production Request No. 19:**

18       Responding Party objects to this request on the ground it is overlybroad, seeks information

19   that is not relevant to this action. Responding Party objects to this request on the ground it seeks

20   information already in the control, custody, and possession of the Propounding Party; therefore, is

21   equally available to Propounding Party. Without waiving said objection, Responding Party responds

22   as follows:

23       Responding Party will conduct a diligent search for non-privileged documents responsive to

24   this request and any that are located will be produced.`

25   Request for Production Request No. 20:

26       Any and all **DOCUMENTS** that identify any person who prepared a balance sheet, income

27   (profit and loss) statement, cash statement, or annual report concerning the Respondent's financial

28   activities after the year 2015, stating, without limitation, the following:

Doc ID: 2d0747b0bf8c9c180b372c8cb01cd226afad53dd

1  a) the identity of the person, including their business address and business telephone

2  number;

3  b) the documents prepared by the person and the dates on which they were prepared;

4  c) the current location of the documents and the identity of the person with custody of

5  them.

6  **Response to Request for Production Request No. 20:**

7  Responding Party objects to this request on the ground it is overlybroad, seeks information

8  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

9  purpose of discovery. Responding Party objects to this request on the ground it seeks information

10  already in the control, custody, and possession of the Propounding Party; therefore, is equally

11  available to Propounding Party. Without waiving said objection, Responding Party responds as

12  follows:

13  Responding Party will conduct a diligent search for non-privileged documents responsive to

14  this request and any that are located will be produced.

15  Request for Production Request No. 21:

16  Any and all **DOCUMENTS** that identify any insurance policy that the Respondent now has

17  or at any time has had through which it was or could be insured for the damages set forth in ICC

18  Arbitration 20633, stating, without limitation the kind of coverage, the name and address of the

19  insurer, the policy number, the policy limits, and whether a reservation of rights has been issued.

20  **Response to Request for Production Request No. 21:**

21  Responding Party did not and does not have an insurance policy that the Respondent now

22  has or at any time has had through which it was or could be insured for the damages set forth in ICC

23  Arbitration 20633. Thus, Responding Party cannot provide the documents that identify it.

24  Request for Production Request No. 22:

25  Any and all **DOCUMENTS** that identify the date of receipt and reason for the receipt of

26  payment described in the previous Request for Production, including, without limitation, the current

27  location of those amounts.

28  //

1  **Response to Request for Production Request No. 22:**

2        Responding Party objects to this request on the ground it is ambiguous and confusing.

3  Responding Party objects to this request on the ground it is overlybroad, seeks information that is

4  not relevant to this action and/or information that cannot reasonable serve the acknowledged

5  purpose of discovery. Responding Party objects to this request on the ground it seeks information

6  already in the control, custody, and possession of the Propounding Party; therefore, is equally

7  available to Propounding Party.

8        Propounding Party is invited to meet-and-confer regarding this request.

9  Request for Production Request No. 23:

10        Any and all DOCUMENTS that identify the payment described in the previous Request for

11  Production, including, without limitation, the current location of those amounts.

12  **Response to Request for Production Request No. 23:**

13        Responding Party objects to this request on the ground it is ambiguous and confusing.

14  Responding Party objects to this request on the ground it is overlybroad, seeks information that is

15  not relevant to this action and/or information that cannot reasonable serve the acknowledged

16  purpose of discovery. Responding Party objects to this request on the ground it seeks information

17  already in the control, custody, and possession of the Propounding Party; therefore, is equally

18  available to Propounding Party.

19        Propounding Party is invited to meet-and-confer regarding this request.

20  Request for Production Request No. 24:

21        Any and all **DOCUMENTS** that identify all payments made in the past five years to the

22  entity/or person described as PZM in Exhibit 5 to the Deposition Transcript. For each payment,

23  please identify:

24          a)  the date of the payment;

25          b)  bank account from which the payment was made;

26          c)  the purpose for the payment.

27  **Response to Request for Production Request No. 24:**

28        Responding Party did not make any payments to to PZM within the past 5 years.

1    Request for Production Request No. 25:

2           Any and all **DOCUMENTS** that identify all bank transfers for the year 2011 for the account

3    identified as "Checking-BofA" on Exhibit 5 of the Deposition Transcript. For each transfer, include

4    the following:

5                a)  the date of the transfer;

6                b)  the recipient of the transfer;

7                c)  the record of the transfers.

8    **Response to Request for Production Request No. 25:**

9           Responding Party objects to this request on the ground it is overlybroad, seeks information

10   that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

11   purpose of discovery. Responding Party objects to this request on the ground it seeks information

12   already in the control, custody, and possession of the Propounding Party; therefore, is equally

13   available to Propounding Party. Without waiving said objection, Responding Party responds as

14   follows:

15          Responding Party will conduct a diligent search for non-privileged documents responsive to

16   this request and any that are located will be produced.

17   Request for Production Request No. 26:

18          Any and all **DOCUMENTS** that identify the recipient(s) of the "Loan to Industry" noted on

19   Exhibit 5 to the Deposition Transcript. Please provide the following:

20               a)  the name and location of the recipient(s);

21               b)  the bank account of the recipient(s);

22               c)  the date of the transfer to the recipient(s);

23   **Response to Request for Production Request No. 26:**

24          Responding Party objects to this request on the ground it is overlybroad, seeks information

25   that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

26   purpose of discovery. Responding Party objects to this request on the ground it seeks information

27   already in the control, custody, and possession of the Propounding Party; therefore, is equally

28

1   available to Propounding Party. Without waiving said objection, Responding Party responds as

2   follows:

3          Responding Party will conduct a diligent search for non-privileged documents responsive to

4   this request and any that are located will be produced.

5   Request for Production Request No. 27:

6          Any and all **DOCUMENTS** that identify with specificity those assets comprising "Total

7   Inventory" on Exhibit 5 to the Deposition Transcript. Please provide the following:

8                   a)  description of each item or category of items comprising the inventory;

9                   b)  the current estimated value of each of the aforementioned item or category items;

10                  c)  the current location of the item or category of items;

11                  d)  the person or entity which holds the legal title to the item or category described

12                      above.

13  **Response to Request for Production Request No. 27:**

14         Responding Party objects to this request on the ground it is overlybroad, seeks information

15  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

16  purpose of discovery. Responding Party objects to this request on the ground it seeks information

17  already in the control, custody, and possession of the Propounding Party; therefore, is equally

18  available to Propounding Party. Without waiving said objection, Responding Party responds as

19  follows:

20         Responding Party will conduct a diligent search for non-privileged documents responsive to

21  this request and any that are located will be produced.

22  Request for Production Request No. 28:

23         Any and all **DOCUMENTS** that identify the last known contact details for Dennis

24  Zagorsky, the person identified on page 72 of the Deposition Transcript.

25  **Response to Request for Production Request No. 28:**

26         Responding Party objects to this request on the ground it is overlybroad, seeks information

27  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

28  purpose of discovery. Responding Party objects to this request on the ground it seeks information

Doc ID: 2d0747b0bf8c9c180b372c8cb01cd226afac53dd

1  already in the control, custody, and possession of the Propounding Party; therefore, is equally

2  available to Propounding Party. Without waiving said objection, Responding Party responds as

3  follows:

4        Responding Party will conduct a diligent search for non-privileged documents responsive to

5  this request and any that are located will be produced.

6  Request for Production Request No. 29:

7        Any and all **DOCUMENTS** that identify all amounts paid by Respondent pursuant to the

8  procurement of electricity, cable/satellite, television, water or internet services at the address of 220

9  Lombard Street, Suite 823, San Francisco, California 94111 within the past five years, by stating:

10            a)  the date of the payment;

11            b)  what account the payment was made from; and

12            c)  identify the record of payment.

13  **Response to Request for Production Request No. 29:**

14        Responding Party objects to this request on the ground it is overlybroad, seeks information

15  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

16  purpose of discovery. Responding Party objects to this request on the ground it seeks information

17  already in the control, custody, and possession of the Propounding Party; therefore, is equally

18  available to Propounding Party. Without waiving said objection, Responding Party responds as

19  follows:

20        Responding Party will conduct a diligent search for non-privileged documents responsive to

21  this request and any that are located will be produced.

22  Request for Production Request No. 30:

23        Identify any amounts paid by Respondent in satisfaction of a tax liability charged on 220

24  Lombard Street, Suite 823, San Francisco, California 94111, by stating:

25            a)  the date the payment was made;

26            b)  the tax notice or demand the payment corresponds to; and

27            c)  the identity of any records which record the demand or the payment.

28  //

---

**Response to Request for Production Request No. 30:**

Responding Party objects to this request on the ground it is overlybroad, seeks information that is not relevant to this action and/or information that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party.

Propounding Party is invited to meet-and-confer regarding this request.

Request for Production Request No. 31:

To the extent not already covered by Requests for Production Nos. 1 through 29, above, any and all bank records for any business that **YOU** operated from 2012 to the present.

**Response to Request for Production Request No. 31:**

Responding Party objects to this request on the ground it is overlybroad, seeks information that is not relevant to this action and/or information that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to this request on the ground it seeks information already in the control, custody, and possession of the Propounding Party; therefore, is equally available to Propounding Party. Without waiving said objection, Responding Party responds as follows:

Responding Party will conduct a diligent search for non-privileged documents responsive to this request and any that are located will be produced.

Request for Production Request No. 32:

Any and all **DOCUMENTS** that reflect money or other compensation paid to **YOU** did with any money received from **TMCO**.

**Response to Request for Production Request No. 32:**

Responding Party objects to this request on the ground it is ambiguous and confusing Responding Party objects to this request on the ground it is overlybroad, seeks information that is not relevant to this action and/or information that cannot reasonable serve the acknowledged purpose of discovery. Responding Party objects to this request on the ground it seeks information

1   already in the control, custody, and possession of the Propounding Party; therefore, is equally

2   available to Propounding Party.

3          Propounding Party is invited to meet-and-confer regarding this request.

4   Request for Production Request No. 33:

5          Any and all **DOCUMENTS** that reflect money or other compensation paid to **YOU** from

6   2012 to the present.

7   **Response to Request for Production Request No. 33:**

8          Responding Party objects to this request on the ground it is ambiguous and confusing

9   Responding Party objects to this request on the ground it is overlybroad, seeks information that is

10  not relevant to this action and/or information that cannot reasonable serve the acknowledged

11  purpose of discovery. Responding Party objects to this request on the ground it seeks information

12  already in the control, custody, and possession of the Propounding Party; therefore, is equally

13  available to Propounding Party.

14         Propounding Party is invited to meet-and-confer regarding this request.

15  Request for Production Request No. 34:

16         Any and all **DOCUMENTS** that reflect money or other compensation **YOU** paid from 2012

17  to the present.

18  **Response to Request for Production Request No. 34:**

19         Responding Party objects to this request on the ground it is ambiguous and confusing

20  Responding Party objects to this request on the ground it is overlybroad, seeks information that is

21  not relevant to this action and/or information that cannot reasonable serve the acknowledged

22  purpose of discovery. Responding Party objects to this request on the ground it seeks information

23  already in the control, custody, and possession of the Propounding Party; therefore, is equally

24  available to Propounding Party.

25         Propounding Party is invited to meet-and-confer regarding this request.

26  Request for Production Request No. 35:

27         Any and all **DOCUMENTS** that reflect commissions for sales paid or owed by **YOU** from

28  2012 to the present.

1    **Response to Request for Production Request No. 35:**

2       Responding Party objects to this request on the ground it is overlybroad, seeks information

3    that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

4    purpose of discovery. Responding Party objects to this request on the ground it seeks information

5    already in the control, custody, and possession of the Propounding Party; therefore, is equally

6    available to Propounding Party. Without waiving said objection, Responding Party responds as

7    follows:

8       Responding Party will conduct a diligent search for non-privileged documents responsive to

9    this request and any that are located will be produced.

10   Request for Production Request No. 36:

11      Any and all **DOCUMENTS** that reflect amounts owed or paid by **YOU** or on **YOUR** behalf

12   for the period January 1, 2012 to the present.

13   **Response to Request for Production Request No. 36:**

14      Responding Party objects to this request on the ground it is overlybroad, seeks information

15   that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

16   purpose of discovery. Responding Party objects to this request on the ground it seeks information

17   already in the control, custody, and possession of the Propounding Party; therefore, is equally

18   available to Propounding Party. Without waiving said objection, Responding Party responds as

19   follows:

20      Responding Party will conduct a diligent search for non-privileged documents responsive to

21   this request and any that are located will be produced.

22   Request for Production Request No. 37:

23      Any and all **DOCUMENTS** that reflect profit on sales from 2012 to the present.

24   **Response to Request for Production Request No. 37:**

25      Responding Party objects to this request on the ground it is overlybroad, seeks information

26   that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

27   purpose of discovery. Responding Party objects to this request on the ground it seeks information

28   already in the control, custody, and possession of the Propounding Party; therefore, is equally

1  available to Propounding Party. Without waiving said objection, Responding Party responds as

2  follows:

3       Responding Party will conduct a diligent search for non-privileged documents responsive to

4  this request and any that are located will be produced.

5  Request for Production Request No. 38:

6       Any and all **DOCUMENTS**, including but not limited to receipts, that reflect any sales for

7  or by **YOU** after 2012.

8  **Response to Request for Production Request No. 38:**

9       Responding Party objects to this request on the ground it is overlybroad, seeks information

10  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

11  purpose of discovery. Responding Party objects to this request on the ground it seeks information

12  already in the control, custody, and possession of the Propounding Party; therefore, is equally

13  available to Propounding Party. Without waiving said objection, Responding Party responds as

14  follows:

15       Responding Party will conduct a diligent search for non-privileged documents responsive to

16  this request and any that are located will be produced.

17  Request for Production Request No. 39:

18       Any and all **DOCUMENTS** that reflect any agreements entered into by **YOU** or on **YOUR**

19  behalf since 2012.

20  **Response to Request for Production Request No. 39:**

21       Responding Party objects to this request on the ground it is overlybroad, seeks information

22  that is not relevant to this action and/or information that cannot reasonable serve the acknowledged

23  purpose of discovery. Responding Party objects to this request on the ground it seeks information

24  already in the control, custody, and possession of the Propounding Party; therefore, is equally

25  available to Propounding Party. Without waiving said objection, Responding Party responds as

26  follows:

27       Responding Party will conduct a diligent search for non-privileged documents responsive to

28  this request and any that are located will be produced

1  Dated: May 30, 2019                          PRIMUM LAW GROUP, PC

2

3                                               *Svetlana Kamyshanskaya*

4                                               Svetlana Kamyshanskaya, Esq.
                                                Attorney for Plaintiff
5                                               **Green Light Energy Solution R&D Corp.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## **VERIFICATION**

3

   I, ALEX FEERER, am the director for the Responding Party in this action. I have read the

4

foregoing Responses to Request of Production of the Documents, Set One (1), and have personal

5

knowledge the contents thereof, except those matters which are stated on information and belief. As

6

to those matters stated on information and belief, I am informed and believe, and on that basis,

7

allege that the matters stated therein are true.

8

   Executed under penalty of perjury under the laws of the State of California, on this 30th day

9

of May 2019.

10

11

*Alex Feerer*

12

ALEX FEERER

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          **PROOF OF SERVICE**

2

3          STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4

5          At the time of service, I was over 18 years of age and not a party to this action. I am

6      employed in the County of San Francisco, State of California. My business address is 555

7      California St., Suite 4925, San Francisco, CA 94104.

8          On May 30, 2019, I served true copies of the following documents described as

9      **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE (1) on the**

10     interested parties in this action as follows:

11
                              **PETER J. DIEDRICH**
12                   **MUSICK, PEELER & GARRETT LLP**
                        **624 South Grand Avenue, Suite 2000**
13                        **Los Angeles, California 90017-3383**
                          **Telephone: (213) 629-7600**
14                        **Facsimile: (213) 624 – 1376**
                     **Email: p.dietrich@musickpeeler.com**
15                        **Attorney  for TMCO LTD**

16

17         **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the

18     persons at the addresses listed in the Service List and send the document by mail.

19

20         I declare under penalty of perjury under the laws of the United States of America that the

21     foregoing is true and correct.

22

23     Executed on May 30, 2019, in San Francisco, California.

24

25

26                                                          MICHAEL A. GUREVICH

27

28

1   **MUSICK, PEELER & GARRETT LLP**

2   624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone: (213) 629-7600

3   Facsimile: (213) 624-1376

4   Nathan D. O'Malley (State Bar No. 212193)
*n.omalley@musickpeeler.com*

5   Peter J. Diedrich (State Bar No. 101649)
*p.diedrich@musickpeeler.com*

6   Marcio Vasconcellos (State Bar No. 313849)
*m.vasconcellos@musickpeeler.com*

7

Attorneys for Petitioner, TMCO LTD

8

9   **UNITED STATES DISTRICT COURT**

10   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12   TMCO LTD, | CASE No.  4:17-CV-00997-KAW |
| 13          Petitioner, | **PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.** |
| 14          vs. | |
| 15   GREEN LIGHT ENERGY SOLUTIONS R&D CORP., | Filed Concurrently with PETITIONER TMCO LTD. SPECIAL INTERROGATORIES TO DEFENDANT GREEN LIGHT ENERGY SOLUTIONS R&D CORP. |
| 16          Respondent. | |
| 17 | |
| 18 | Assigned to: Magistrate Judge Kandis A. Westmore |
| 19 | |

20

21   **PROPOUNDING PARTY:**     **PETITIONER TMCO LTD.**

22   **RESPONDING PARTY:**     **RESPONDENT GREEN LIGHT ENERGY**

23                                                    **SOLUTIONS R&D CORP.**

24   **SET NO.:**                           **ONE**

25   **TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.**

26   **AND ITS ATTORNEYS OF RECORD:**

27          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, PETITIONER

28   TMCO LTD. hereby requests that Respondent GREEN LIGHT ENERGY

MUSICK, PEELER
& GARRETT LLP

1   SOLUTIONS R&D CORP. ("**GLES**") produce for inspection and photocopying the

2   documents and materials described below within 30 days. The inspection and

3   photocopying shall take place at 10:00 a.m., on May 31, 2019, at the law offices of

4   Musick, Peeler & Garrett LLP, 1 Post Street, Suite 600, San Francisco, California

5   94104. Compliance with this request may be made by mailing copies of the

6   requested documents to the law offices of Musick, Peeler & Garrett LLP at the

7   address referenced above for receipt on or before the date and time set for

8   inspection.

9       These Requests for Production are made pursuant to the following Definitions

10   and Instructions, which are an integral part hereof, and which shall be read into and

11   control each particular Request for Production.

13                       **INSTRUCTIONS**

14       1.     These following requests for production refer to **ALL** originals and

15   non-identical copies of **DOCUMENTS**, written and graphic, prepared by, on behalf

16   of or for, or in the possession, custody or control of **GLES** and/or entities or

17   organizations through which **GLES** is doing business, as well as their agents,

18   employees, representatives or attorneys.

19       2.     If any **DOCUMENT** was, but is no longer in YOUR possession,

20   custody or control, provide the following information:

21             a.     State the disposition of the **DOCUMENT**;

22             b.     State the date such disposition was made;

23             c.     Identify the present custodian of the **DOCUMENT** and state his

24   or her address or, if the **DOCUMENT** no longer exists, so state;

25             d.     Identify the **PERSON** who made the decision regarding the

26   disposition of the **DOCUMENT**; and

27             e.     State the reason for the disposition and describe the

28   **DOCUMENT** and the contents of the **DOCUMENT**, including the title, the author,

MUSICK, PEELER & GARRETT LLP      1156964.1      2      Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

the position of the author, the addressee, the position of the addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, and all **PERSONS** to whom the **DOCUMENT** was distributed, shown or explained.

3.    If **YOU** assert **ANY** privilege in responding to these **DOCUMENT** demands, state the type of privilege asserted and the basis for **YOUR** assertion.  In addition, for **ANY** document with respect to which a privilege is asserted, please state:

a.    The type of **DOCUMENT** (e.g., letter, memorandum, contract, etc.), the date of the **DOCUMENT** and the subject matter of the **DOCUMENT**;

b.    The name, address, and position of the author of the **DOCUMENT** or any **PERSON** who assisted in its preparation; and

c.    The present location of the **DOCUMENT** and the name, address and position of each **PERSON** having custody of it.

4.    The time period covered by each Request, unless otherwise noted, is January 1, 2014 to date of production.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1.    The word "**ANY**" includes the word "**ALL,**" and vice versa.

2.    "**DOCUMENT(S)**" means all "writings" and all "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.  "**DOCUMENT**" shall include, without limitation, all written, handwritten, recorded, punched, taped, filmed or graphic material, typed, or otherwise preserved communication, however produced or reproduced, including **ANY** letter, correspondence, note, e-mail, electronic message, book, pamphlet, article, bulletin, directive, review, publication, memorandum (including but not limited to of telephone conversations), diary, log, test, analysis, study, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper,

MUSICK, PEELER
& GARRETT LLP

1156964.1                                      3                          Case No. 4:17-CV-00997-KAW
PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

telephone message, tape, computer tape, computer disc, computer card, recording, videotape, film, microfilm, microfiche, facsimile, drawing, account, ledger, statement, financial data, data sheet, data processing material, data compilations and electronically stored information of **ANY** kind, and **ALL** other writings or communications, including **ALL** non-identical copies, drafts, preliminary sketches no matter how produced or maintained in **YOUR** actual or constructive possession, custody or control or of which **YOU** have knowledge of the existence, and whether prepared, published, or released by **YOU** or **ANY** other person or entity.  The term "**DOCUMENT**" is intended to include **ALL** drafts of **DOCUMENTS** and **ALL** **DOCUMENTS** in **YOUR** actual or constructive possession, custody or control and whether prepared, published or released by **YOU** or by **ANY** other person or entity. Without limitation on the foregoing, the term "**DOCUMENT**" shall include **ANY** copy that differs in **ANY** respect from the original or other versions of the **DOCUMENT**, such as, but not limited to, copies containing notations, insertions, corrections, marginal notes, recommendations or **ANY** other variations.  The term "**DOCUMENT**" shall include **ANY** and **ALL** attachments to **ANY** of the foregoing, regardless of whether such attachment is indicated on or referred to in the **DOCUMENT** to which it is attached.

      3.     The term "**COMMUNICATIONS**" refers to any written exchange of words, thoughts, or ideas to another person(s), including by letter, email, text message, or by any other process, electronic, or otherwise.

      4.     **ANY** reference to **ANY** corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and **ALL** other persons acting or purporting to act on behalf of them, and **ANY** of their parent corporations, subsidiaries, affiliates, divisions, predecessor or successor in interest, and **ANY** and **ALL** other entities which are in any substantial part owned by or controlled by one or more of the officers, directors, executives **AND/OR** shareholders of such corporation or entity.

MUSICK, PEELER & GARRETT LLP    1156964.1          4          Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

5.      **ANY** reference within these discovery requests to the "**GLES**," "**YOU**," or "**YOUR**" refers to, and is to be understood to refer to, the above-named Respondent GREEN LIGHT ENERGY SOLUTIONS R&D CORP., its representatives, agents, employees, attorneys, accountants, consultants, experts and/or any other persons or entities acting on YOUR behalf.

6.      **ANY** reference within these discovery requests to the "**PETITIONER**" or "**TMCO**" refers to, and is to be understood to refer to, the above-named Petitioner TMCO LTD.

7.      Any reference to "**COMPLAINT**" within these discovery requests refers to, and is to be understood to refer to, the complaint filed by **TMCO** against **GLES** in this action.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all **DOCUMENTS** identified in **YOUR** response to Special Interrogatories, Set One, served concurrently herewith.

**REQUEST FOR PRODUCTION NO. 2:**

To the extent not covered by Request for Production No. 1, above, any and all documents relating to the Examination Order which have been discovered since the date of the Deposition and not previously produced to the Petitioner

**REQUEST FOR PRODUCTION NO. 3:**

Any and all **DOCUMENTS** that reflect **YOUR** corporate structure.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all **DOCUMENTS** that reflect each person who has ever owned stock in the Respondent, including:

(a)      their full name, home address, home telephone number, as well as each business address and each business telephone number;

(b)      the date(s) upon which the person acquired their shares;

MUSICK, PEELER & GARRETT LLP

1156964.1                                                  5                          Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.

(c)    the consideration paid or promised for the shares and the date(s) on which it was paid;

(d)    the number of shares owned and the percentage of shares owned as measured against the total outstanding shares of the corporation;

(e)    whether the person is related by blood or marriage to any other person who is or has been a shareholder, officer, or director of the Respondent and, if so, the identity of the other person and the nature of the relationship.

## REQUEST FOR PRODUCTION NO. 5:

Any and all **DOCUMENTS** that identify all bank accounts controlled, directly or indirectly, by the Respondent within the past five years by stating:

(a)    the identity of the financial institution at which the account is or was maintained, including the business address and business telephone number of the institution;

(b)    the account number;

(c)    the date the account was opened;

(d)    the date the account was closed, if applicable;

(e)    the identity of each person authorized to sign checks or access the account on behalf of the Respondent;

(f)    the current balance in the account;

(g)    the name under which the bank account was opened.

## REQUEST FOR PRODUCTION NO. 6:

Any and all **DOCUMENTS** that identify each person who has served as an officer or management-level employee of the Respondent at any time during the past five years by stating:

(a)    their full name, home address, home telephone number, as well as each business address and each business telephone number;

(b)    the office(s) or position(s) held at the applicable dates;

MUSICK, PEELER
& GARRETT LLP

1156964.1          6          Case No. 4:17-CV-00997-KAW
PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

(c)     the salary, benefits, and any other compensation paid to the person

during each of the past five years.

## REQUEST FOR PRODUCTION NO. 7:

Any and all **DOCUMENTS** that identify any shareholder, officer, or director of the Respondent who has ever loaned money to the Respondent directly or through an entity they control or have an interest in, by stating:

(a)     the identity of the person making the loan;

(b)     the date of the loan;

(c)     the amount of the loan;

(d)     whether there was a written loan agreement, promissory note, or similar document;

(e)     the date the funds loaned to the Respondent were transferred;

(f)     the date and amount of each payment that the Respondent made on the loan;

(g)     the interest rate, if any;

(h)     the balance still owed by the Respondent, if any;

(i)     the identity of the document authorizing the Respondent to enter into the loan.

## REQUEST FOR PRODUCTION NO. 8:

Any and all **DOCUMENTS** that identify all loans made by the Respondent to shareholders, officers, directors, and/or employees of the Respondent, within the past five years, stating:

(a)     the identity of the person or entity to whom the loan was made;

(b)     the date of the loan;

(c)     the amount of the loan;

(d)     whether there was a written loan agreement, promissory note, or similar document;

(e)     the date and amount of each payment that the borrower has made to the

MUSICK, PEELER
& GARRETT LLP

1156964.1                                          7                          Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

Respondent on the loan;

(f)    the interest rate, if any;

(g)    the balance still owed to the Respondent, if any.

**REQUEST FOR PRODUCTION NO. 9:**

To the extent not covered by the Request for Production above, any and all **DOCUMENTS** that identify all loans made by the Respondent, within the past five years, stating:

(a)    the identity of the person or entity to whom the loan was made;

(b)    the date of the loan;

(c)    the amount of the loan;

(d)    whether there was a written loan agreement, promissory note, or similar document;

(e)    the date and amount of each payment that the borrower has made to the Respondent on the loan;

(f)    the interest rate, if any;

(g)    the balance still owed to the Respondent, if any.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all **DOCUMENTS** that identify any funds paid to any shareholder, officer, employee, or director for services as an advance on services to be performed later?  If so, for each such advance, state:

(a)    the identity of the person to whom the funds were advanced;

(b)    the date of the advance;

(c)    the amount of the advance;

(d)    the services to be performed, whether they were performed and when they were performed.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all **DOCUMENTS** that identify each payment received falling under the category of "Consideration Paid Per Share" set forth in Exhibit 2 to the

MUSICK, PEELER
& GARRETT LLP

Deposition Transcript, by stating:

    (a)    The date of the payment;

    (b)    The bank account to which the payment was made;

    (c)    The identity of any record(s) recording the payment(s)

    (d)    The identity of the person or entity making the payment.

**REQUEST FOR PRODUCTION NO. 12:**

    Any and all **DOCUMENTS** that identify any meetings of the Board of Directors during the past five years, including, without limitation:

    (a)    the date, time, and location of the meeting;

    (b)    the identity of each person in attendance at the meeting;

    (c)    identify the record of such a meeting.

**REQUEST FOR PRODUCTION NO. 13:**

    Any and all **DOCUMENTS** that identify any meetings of the shareholders within the past five years, including, without limitation:

    (a)    the date, time, and location of the meeting;

    (b)    the identity of each person in attendance at the meeting;

    (c)    identity of the record of such a meeting.

**REQUEST FOR PRODUCTION NO. 14:**

    Any and all **DOCUMENTS** that, within the last five years, identify any gifts made to any person or entity by Respondent, stating, without limitation, the following:

    (a)    the identity of the recipient;

    (b)    whether it was a monetary gift or a gift of some other property and a brief description of what was given;

    (c)    the date of the gift;

    (d)    the Respondent's reasons for making the gift

**REQUEST FOR PRODUCTION NO. 15:**

    Any and all **DOCUMENTS** that, within the last five years, identify

MUSICK, PEELER
& GARRETT LLP

1156964.1           9          Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

Respondent's forgiveness of any debts owed to **YOU**, stating, without limitation, the following:

    (a)    the identity of the person or entity indebted to the Respondent;

    (b)    the amount of the debt;

    (c)    the amount of the debt forgiven;

    (d)    the date on which the debt was forgiven;

    (e)    the Respondent's reasons for forgiving the debt.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all **DOCUMENTS** that identify any real property Respondent leased or owned in its own name, stating, without limitation, the following:

    (a)    the address of the property (including country);

    (b)    whether the property is owned or leased;

    (c)    the date that the property was purchased or leased;

    (d)    the name Respondent used to sign or execute the purchase or lease;

    (e)    the date the lease ended;

**REQUEST FOR PRODUCTION NO. 17:**

Any and all **DOCUMENTS** that, with regard to the sums which are the subject of this action, state:

    (a)    the date on which the Respondent first learned that ICC Arbitration 20633 had been initiated;

    (b)    the date on which the Respondent first learned that the arbitrator in ICC Arbitration 20633 had issued a final award;

    (c)    the date on which ICC Arbitration 20633 was first discussed by the shareholders or the directors of Respondent and identify the record of such a meeting.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all **DOCUMENTS** that identify, at any time subsequent to the date(s) identified in the Respondent's answer to the previous Request for

MUSICK, PEELER
& GARRETT LLP

1156964.1

10

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

1 Production, that the Respondent transferred funds, assets, or property of any kind to

2 any person or entity outside the ordinary course of business or prepay any

3 anticipated expenses, stating, without limitation, the following:

    (a)    the identity of the transferee, including their full name, business

5           address, and each business telephone number;

6     (b)    the date of the transfer;

7     (c)    a brief description of what was transferred, its value, and the

8           consideration, if any;

9     (d)    the Respondent's reasons for the transfer.

10 **REQUEST FOR PRODUCTION NO. 19:**

11     Any and all **DOCUMENTS** that identify that the Respondent has filed

12 federal tax returns during any of the past five years, stating, without limitation, the

13 following:

14     (a)    the identity of the person who prepared the return, including their

15           business address and business telephone number;

16     (b)    the taxable income of the Respondent as shown on the return.

17 **REQUEST FOR PRODUCTION NO. 20:**

18     Any and all **DOCUMENTS** that identify any person who prepared a balance

19 sheet, income (profit and loss) statement, cash statement, or annual report

20 concerning the Respondent's financial activities after the year 2015, stating, without

21 limitation, the following:

22     (a)    the identity of the person, including their business address and business

23           telephone number;

24     (b)    the documents prepared by the person and the dates on which they were

25           prepared;

26     (c)    the current location of the documents and the identity of the person

27           with custody of them.

28

MUSICK, PEELER
& GARRETT LLP

1156964.1            11            Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all **DOCUMENTS** that identify any insurance policy that the Respondent now has or at any time has had through which it was or could be insured for the damages set forth in ICC Arbitration 20633, stating, without limitation, the kind of coverage, the name and address of the insurer, the policy number, the policy limits, and whether a reservation of rights has been issued.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all **DOCUMENTS** that identify the date of receipt and reason for the receipt of payment of 1.2 million U.S. dollars described at page 70 of the Deposition Transcript, at line(s) 4-7, 13-14, 19-23.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all **DOCUMENTS** that identify the payment described in the previous Request for Production, including, without limitation, the current location of those amounts.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all **DOCUMENTS** that identify all payments made in the past five years to the entity/or person described as PZM in Exhibit 5 to the Deposition Transcript.  For each payment, please identify:

    (a)    the date of the payment;

    (b)    bank account from which the payment was made;

    (c)    the purpose for the payment.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all **DOCUMENTS** that identify all bank transfers for the year 2011 for the account identified as "Checking-BofA" on Exhibit 5 of the Deposition Transcript.  For each transfer, include the following:

    (a)    the date of the transfer;

    (b)    the recipient of the transfer;

    (c)    the record of the transfers.

MUSICK, PEELER
& GARRETT LLP

1156964.1

12

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all **DOCUMENTS** that identify the recipient(s) of the "Loan to Industry" noted on Exhibit 5 to the Deposition Transcript.  Please provide the following:

     (a)    the name and location of the recipient(s);

     (b)    the bank account of the recipient(s);

     (c)    the date of the transfer to the recipient(s).

**REQUEST FOR PRODUCTION NO. 27:**

Any and all **DOCUMENTS** that identify with specificity those assets comprising "Total Inventory" on Exhibit 5 to the Deposition Transcript.  Please provide the following:

     (a)    description of each item or category of items comprising the inventory;

     (b)    the current estimated value of each of the aforementioned item or category of items;

     (c)    the current location of the item or category of items;

     (d)    the person or entity which holds the legal title to the item or category described above.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all **DOCUMENTS** that identify the last known contact details for Dennis Zagorsky, the person identified on page 72 of the Deposition Transcript

**REQUEST FOR PRODUCTION NO. 29:**

Any and all **DOCUMENTS** that identify all amounts paid by Respondent pursuant to the procurement of electricity, cable/satellite, television, water or internet services at the address of 220 Lombard Street, Suite 823, San Francisco, California 94111 within the past five years, by stating:

     (a)    the date of the payment;

     (b)    what account the payment was made from; and

     (c)    identify the record of the payment.

MUSICK, PEELER
& GARRETT LLP

1156964.1

13

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

**REQUEST FOR PRODUCTION NO. 30:**

Identify any amounts paid by Respondent in satisfaction of a tax liability charged on 220 Lombard Street, Suite 823, San Francisco, California 94111, by stating:

      (a)    the date the payment was made;

      (b)    the tax notice or demand the payment corresponds to; and

      (c)    the identity of any records which record the demand or the payment.

**REQUEST FOR PRODUCTION NO. 31:**

To the extent not already covered by Requests for Production Nos. 1 through 29, above, any and all bank records for any business that **YOU** operated from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all **DOCUMENTS** that reflect what **YOU** did with any money received from **TMCO**.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all **DOCUMENTS** that reflect money or other compensation paid to **YOU** from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all **DOCUMENTS** that reflect money or other compensation **YOU** paid from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all **DOCUMENTS** that reflect commissions for sales paid or owed by **YOU** from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all **DOCUMENTS** that reflect amounts owed or paid by **YOU** or on **YOUR** behalf to factor any sales of goods sold by **YOU** or on **YOUR** behalf for the period January 1, 2012 to the present.

MUSICK, PEELER
& GARRETT LLP

1156964.1

14

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

1  **REQUEST FOR PRODUCTION NO. 37:**

2       Any and all **DOCUMENTS** that reflect profit on sales from 2012 to the

3  present.

4  **REQUEST FOR PRODUCTION NO. 38:**

5       Any and all **DOCUMENTS**, including but not limited to receipts, that reflect

6  any sales for or by **YOU** after 2012.

7  **REQUEST FOR PRODUCTION NO. 39:**

8       Any and all **DOCUMENTS** that reflect any agreements entered into by **YOU**

9  or on **YOUR** behalf since 2012.

10  DATED:  May ___, 2019           MUSICK, PEELER & GARRETT LLP

11

12

13                              By: _____

14                                   Peter J. Diedrich
                                     Attorneys for Petitioner, TMCO LTD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

1156964.1                          15                Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is One Wilshire Building, 624 South Grand Avenue, Suite 2000, Los Angeles, CA 90017-3383.

    On May  _/_ , 2019, I served true copies of the following document(s) described as **PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO RESPONDENT GREEN LIGHT ENERGY SOLUTIONS R&D CORP.** on the interested parties in this action as follows:

**Svetlana Kamyshanskaya**
**PRIMUM LAW GROUP**
**555 California Street, Suite 4925**
**San Francisco, CA 94104**
**Telephone:  (415) 659-7975**
**Email:  svkam@primumlaw.com**
**Attorneys for Defendant**
**Green Light Energy Solutions R&D Corp.**

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on May  _/_ , 2019, at Los Angeles, California.

Donna C. Dutra

MUSICK, PEELER
& GARRETT LLP

1156964.1

Case No. 4:17-CV-00997-KAW

PETITIONER TMCO LTD. REQUEST FOR PRODUCTION TO DEFENDANT GREEN LIGHT ENERGY
SOLUTIONS R&D CORP.

# EXHIBIT C

# MusickPeeler

ATTORNEYS AT LAW

NATHAN D. O'MALLEY
n.omalley@musickpeeler.com
(213) 629-7942

ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE:  (213) 629-7600
FACSIMILE:  (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA COUNTY
VENTURA COUNTY

FILE NO.: 90933.001

June 11, 2019

Svetlana Kamyshanskaya
PRIMUM LAW GROUP
555 California Street, Suite 4925
San Francisco, California 94101
Email: svkam@primumlaw.com

Re:   TMCO Ltd. v. Green Light Energy Solutions R&D Corp.

Dear Ms. Kamyshanskaya,

We write as counsel for TMCO Ltd. ("TMCO"), in the above referenced matter.  We have received the responses to TMCO's Special Interrogatories, served on our office on 3 June 2019 ("Answers"). In reviewing the Answers prepared by your office, it has become evident that a number are incomplete or otherwise not in compliance with Cal. Code Civ. Proc. §§ 2030.220.  In particular, we draw your attention to the following Answers:  7, 8, 9, 14, 16, 20, and 26.

Our client intends to move the court to compel answers in compliance with the aforementioned standard.  The insufficiency of your Answers notwithstanding, we are willing to meet and confer and attempt to resolve this dispute.  Please advise if you are available during the week of the 24th of June for a meet and confer conference call to discuss the aforementioned Answers.

In addition to the above, we understand that you are still working to provide answers to interrogatories 10, 17, 25 and 27, as well as the Request for Production of Documents.  Per Cal. Code Civ. Proc. §§ 2030.300, we regard the forty-five day limitation on the bringing of motions to compel as commencing as of the date in which your Answers are completed.  If you disagree, please advise by no later than June 24, 2019.

Cordially,

Nathan D. O'Malley
MUSICK, PEELER & GARRETT LLP

NDO:mmr
cc: Peter Diedrich

Musick, Peeler & Garrett LLP

1163751.1

# EXHIBIT D

# MusickPeeler

ATTORNEYS AT LAW

NATHAN D. O'MALLEY
n.omalley@musickpeeler.com
(213) 629-7942

ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE:  (213) 629-7600
FACSIMILE:  (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA COUNTY
VENTURA COUNTY

FILE NO.: 90933.001

June 28, 2019

Svetlana Kamyshanskaya
PRIMUM LAW GROUP
555 California Street, Suite 4925
San Francisco, California 94101
Email: svkam@primumlaw.com

Re:   TMCO Ltd. v. Green Light Energy Solutions R&D Corp.

Dear Svetlana:

I write pursuant to my previous letter to you of June 11, 2019, and with regard to our meet and confer conference call of 27 June 2019.  In order to avoid expensive and wasteful motion practice, it was agreed during yesterday's call that you would undertake to obtain certain information from your client that, if produced, would satisfy our dispute concerning the sufficiency of your client's answers to the TMCO special interrogatories.  I write now to memorialize the agreement we have reached on these points for each relevant Answer.[1]

Please note that the duty of honesty and candor that applies to answers submitted in response to special interrogatories under Cal. Code Civ. Proc. 2030.220 or otherwise, shall apply to the answers which you provide in response to this letter.[2]

**Answer 8.**  In order to resolve the dispute over GLES' answer to this special interrogatory, GLES undertakes to provide in writing an answer to the following question(s) and identify and produce all related documents:

(1)   Was actual money paid by GLES to Alex Feerer, directly or via a related entity he has an interest in, as compensation for his work as an employee, officer or member of the board of directors of GLES?

---

[1] All Answer numbers are taken from GLES' Response to Special Interrogatories, dated May 30, 2019 according to the attached Proof of Service.

[2] All defined terms used within the Special Interrogatory Set 1 propounded to GLES shall apply to these questions.

# MusickPeeler

Svetlana Kamyshanskaya
June 28, 2019
Page 2

(2)     If the answer to the previous question was yes, please specify the amount(s) he was paid for each calendar year GLES has been in existence through and including 2018.

**Answer 9.**  In order to resolve the dispute over GLES' answer to this special interrogatory, GLES undertakes to provide in writing an answer to the following question(s) and identify and produce all related documents:

(1)     Did the shareholders listed in Exhibit 2 to the Deposition Transcript transfer money to GLES in exchange for the shares they are listed as having received?

(2)     To the extent that the answer to the previous question is yes, please identify the date and amount of money received by GLES for each share transaction.

(3)     To the extent the answer to the first question is no, please identify the form of payment (or other compensation) each shareholder of GLES provided in exchange for the shares they received as described in Exhibit 2 to the Deposition Transcript.

(4)     Please identify the amount of money which the entity variously described in GLES records as the Feerer Family Trust loaned to GLES.

(5)     For each loan referenced in the answer to the previous question, please describe the terms of the loan, including the principal amount, the interest to be charged, the date of the transfer of the loan principal amount to GLES, and repayment terms.

(6)     Did the Feerer Family Trust transfer money to GLES controlled bank accounts as part of a loan transaction?

(7)     Please identify the GLES-controlled account, if any, identified in the answer to the previous question and all records evidencing any such transfer from the Feerer Family Trust.

(8)     Please identify any other loans provided to GLES.

(9)     For each loan referenced in the answer to the previous question, please identify the party providing the loan, describe the terms of the loan, including the principal amount, the interest to be charged, the date of the transfer of the loan principal amount to GLES, and repayment terms.

# MusickPeeler

Svetlana Kamyshanskaya
June 28, 2019
Page 3

**Answer 14.** In order to resolve the dispute over GLES' answer to this special interrogatory, GLES undertakes to provide in writing an answer to the following question(s) and identify and produce all related documents:

(1)     Did GLES own or lease any property within Russia under its own name?

(2)     Did GLES lease or own property for the residential use of Mr. Alex Feerer, in Russia, under its own name?

(3)     If the answer to the previous question is yes, please identify the location and address of that property and provide any relevant documents relating thereto.

(4)     Did GLES conduct business activities in Russia via a related company established or organized under Russian (or any other country's) law?

(5)     If the answer to the previous question is yes, please provide the name of that company.

As agreed between counsel on June 27, 2019, GLES will propound complete answers and related information to our offices by no later than the end of business on July 5, 2019. If you have any questions, please feel free to contact me.

Cordially,

Nathan D. O'Malley
MUSICK, PEELER & GARRETT LLP

NDO:mmr
cc: Peter Diedrich

1166756.1

# EXHIBIT E

## O'Malley, Nathan

| | |
|---|---|
| **From:** | Svetlana Kamyshanskaya <svkam@primumlaw.com> |
| **Sent:** | Wednesday, July 03, 2019 6:26 PM |
| **To:** | Rubio, Monica |
| **Cc:** | O'Malley, Nathan; Diedrich, Peter |
| **Subject:** | Re: TMCO Ltd. v. Green Light Energy Solutions R&D Corp. |

Dear Nathan,

I am writing to let you know that I persuaded my client, Alex Ferrer, to go an extra mile and to find the statements that confirm the funding of the company and loans from the family trust. He requested the documents from the bank, but since we are talking about 2010 -2013 years,  it would take some time. Taking into account the fact that I am leaving for vacating on Friday and will be back on July 17, the response would not be ready before July 20th.

Please let me know if you are okay with it.

On Fri, Jun 28, 2019 at 3:00 PM Rubio, Monica <M.Rubio@musickpeeler.com> wrote:

> **Dear Ms. Kamyshanskaya,**
>
> **Please see attached correspondence of today's date.  Hard copy to follow via U.S. Mail.  Thank you.**
>
> **Monica Rubio**
> *Assistant to William W. Carter, Nathan D.*
> *O'Malley and James T. Duff*

# MusickPeeler

Musick, Peeler & Garrett LLP
One Wilshire Building
624 South Grand Avenue, Suite 2000     m.rubio@musickpeeler.com          T (213) 629-7688
Los Angeles, California 90017-3383       www.musickpeeler.com             F (213) 624-1376

**Los Angeles | Orange County | San Diego | San Francisco | Santa Barbara County | Ventura County**

This e-mail is confidential and may contain attorney client or otherwise privileged or private information. Unless you are an intended or authorized recipient, you may not use, copy or disclose this message or any information contained herein. If you have received this message in error, please advise us by reply email to: administrator@musickpeeler.com and delete the message and any attachments. Thank you.

1

--
Sincerely,

Svetlana Kamyshanskaya
Attorney at Law | Startup Advisor
svkam@primumlaw.com

**It's all about action and reaction and anticipating the move before the move.**

https://www.linkedin.com/in/svetlanakamyshanskaya

Primum Law Group, PC
555 California street,  # 4925
San Francisco, CA 94104
(415) 659 7975
http://www.primumlaw.com/

This communication may contain information that is privileged and confidential and is intended only for the use of the addressee(s). If you are not the intended recipient(s), dissemination of the communication is prohibited. If you have received this communication in error, please notify the sender and delete all copies of the message and its attachments immediately.

# EXHIBIT F

# MusickPeeler

NATHAN D. O'MALLEY
n.omalley@musickpeeler.com
(213) 629-7942

ATTORNEYS AT LAW

ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA COUNTY
VENTURA COUNTY

FILE NO.: 90933.001

July 5, 2019

Svetlana Kamyshanskaya
PRIMUM LAW GROUP
555 California Street, Suite 4925
San Francisco, California 94101
Email: svkam@primumlaw.com

Re:   TMCO Ltd. ("TMCO") v. Green Light Energy Solutions R&D Corp ("GLES").

Dear Svetlana:

I write pursuant to my letter to you of June 11, 2019, and with regard to our meet and confer
conference call of June 27, 2019, and your email message of July 3, 2019.

**Regarding the delay in answers to the supplemental interrogatories.**

As agreed between Counsel on June 27, 2019, the date for answering the supplemental
interrogatories provided in my previous letter was July 5, 2019. I understand from your recent
email that this process cannot be completed until July 20, 2019, as opposed to the original
deadline. My further understanding is that your client will provide complete answers to the
supplemental interrogatories.

We are willing to extend the deadline to receive complete answers to the supplemental
interrogatories until July 20, 2019. As a consequence of this, we also understand that any
statutory timeframes imposed on us for moving the Court to compel answers and order sanctions
for failure to provide adequate answers to our interrogatories will not begin to run until your
client's answers are provided on July 20, 2019. If you disagree, please let me know by close of
business on July 8, 2019.

**Confirming document production to date.**

My previous letter to you of June 28, 2019, notwithstanding, I take the opportunity to confirm
the contents of the document production you provided to our office on 16 June, 2019 in response
to the Interrogatories and Document Production requests propounded to GLES.

Musick, Peeler & Garrett LLP

# MusickPeeler

Svetlana Kamyshanskaya
July 5, 2019
Page 2

As discussed during the June 27, 2019 conference call, our review of the recent document production confirms the following concerning the total production propounded by GLES:

1.  GLES has not provided federal or state tax returns pertaining to a fiscal year after 2016.

2.  GLES has produced only one corporate record, a board resolution from July 15, 2015.

3.  GLES has not produced a corporate balance sheet or other financial record pertaining to a time after the fiscal year 2016.  All corporate records produced are unaudited and unsigned.

4.  In its most recent production GLES has produced a financial statement purported to be for December 31, 2016, but was created on February 8, 2018 at 3:14 PM.

This correspondence is sent pursuant to an agreement between counsel reached during the aforementioned meet and confer.  If you disagree with any of the descriptions herein, please advise by no later than the close of business on July 20, 2019.

Cordially,

Nathan D. O'Malley
MUSICK, PEELER & GARRETT LLP

NDO:mmr
cc: Peter Diedrich

1167669.1

Musick, Peeler & Garrett LLP

**EXHIBIT G**

July 8, 2019

<u>Via email</u>

Nathan D. O'Malley
MUSIC, PEELER AND GARRETT LLP
2624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383

     Re: *TMCO Ltd. v. Green Light Energy Solution R&D Corp.*

Dear Mr. O'Malley,

     This letter responds to your letters dated June 28, 2019, July 5, 2019, and  memorializes the June 27, 2019 telephonic meet and confer session  regarding Green Light Energy Solution R&D Corp ("GLES") to provide further responses to discovery propounded by TMCO Ltd.

     8 (1) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     8 (2) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (1) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (2) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (3) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (4) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (5) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (6) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (7) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (8) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.
     9 (9) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.

14 (1) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.

14 (2) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.

14 (3) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.

14 (4) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.

14 (5) GLES agreed to provide an answer in writing and supplement this response with related documents once the documents sought by this request has been found.

GLES is willing to extend TMCO Ltd. time to file the motion to compel further answers and order sanctions for failure to provide adequate answers to your interrogatories.

GLES will need time until July 20, 2019 to provide supplemental responses and documents.


Sincerely,

Svetlana Kamyshanskaya.


*Svetlana Kamyshanskaya*


555 California street
Suite 4925, San Francisco, CA, 94104
+14156597975
svkam@primumlaw.com
www.primumlaw.law


Doc ID: 66dc2c785336e60e7f1bb2a453a80737257339c9

# EXHIBIT H

## Hummel, Rebecca

| | |
|---|---|
| **From:** | O'Malley, Nathan |
| **Sent:** | Monday, July 29, 2019 2:59 PM |
| **To:** | Hummel, Rebecca |
| **Subject:** | Fwd: supplemental responses |

Sent from my iPhone

Begin forwarded message:

> **From:** Svetlana Kamyshanskaya <svkam@primumlaw.com>
> **Date:** July 22, 2019 at 9:13:23 PM PDT
> **To:** "Diedrich, Peter" <P.Diedrich@musickpeeler.com>,  "O'Malley, Nathan" <N.OMalley@musickpeeler.com>
> **Subject: supplemental responses**
>
> Nathan,
>
> I am writing to let you know that GLES Corporation did not find additional documents. Therefore, we would not be able to supplement our responses at this time.
>
> --
> Sincerely,
>
> Svetlana Kamyshanskaya
> Attorney at Law | Startup Advisor
> svkam@primumlaw.com
>
> *It's all about action and reaction and anticipating the move before the move.*
>
> https://www.linkedin.com/in/svetlanakamyshanskaya
>
> Primum Law Group, PC
> 555 California street,  # 4925
> San Francisco, CA 94104
> (415) 659 7975
> http://www.primumlaw.com/

This communication may contain information that is privileged and confidential and is intended only for the use of the addressee(s). If you are not the intended recipient(s), dissemination of the communication is prohibited. If you have received this communication in error, please notify the sender and delete all copies of the message and its attachments immediately.

# EXHIBIT I

# MusickPeeler

**ATTORNEYS AT LAW**

NATHAN D. O'MALLEY
n.omalley@musickpeeler.com
(213) 629-7942

ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA COUNTY
VENTURA COUNTY

FILE NO.: 90933.001

July 30, 2019

Svetlana Kamyshanskaya
PRIMUM LAW GROUP
555 California Street, Suite 4925
San Francisco, California 94101
Email: svkam@primumlaw.com

Re:   TMCO Ltd. ("TMCO") v. Green Light Energy Solutions R&D Corp ("GLES")

Dear Svetlana:

I write with reference to our agreement following the meet and confer held between counsel on 27 June 2019. As your 3 July 2019 and 8 July 2019 correspondence confirms, you agreed on behalf of your client, Alex Ferrer, to provide answers to several supplemental interrogatories that were set out in my letter of 28 June 2019. This agreement was reached as a means of resolving Petitioner, TMCO Limited's ("TMCO") complaint that a number of your client's answers to the original interrogatories were unsatisfactory.

Despite our very clear agreement and understanding, I was disappointed to receive your 22 July 2019 email stating that Mr. Ferrer is unable to comply and provide answers to the supplemental questions. I understand from your message that no further answers to our interrogatories will be forthcoming as a consequence thereof.

If my understanding is incorrect, please notify this office by the close of business on 2 August 2019.

Very truly yours,

Nathan D. O'Malley
MUSICK, PEELER & GARRETT LLP

NDO
1171378.1

Musick, Peeler & Garrett LLP

# EXHIBIT J

130614  04/30/2015

# Michael K White CPA & Associates
## 4111 18th St Ste 8
## San Francisco, CA 94114
## 415-621-2261

April 30, 2015

**CONFIDENTIAL**

GREEN LIGHT ENERGY SOLUTIONS CORP
101 LOMBARD STREET, #314E
SAN FRANCISCO, CA 94111

Dear Alex:

We have prepared the following returns from information provided by you without verification or audit:

> U.S. Corporation Income Tax Return (Form 1120)
> California Corporation Franchise or Income Tax Return (Form 100)

We suggest that you examine these returns carefully to fully acquaint yourself with all items contained therein to ensure that there are no omissions or misstatements.

**Federal Filing Instructions**

Your 2013 Form 1120 shows no balance due.

Your return is being filed electronically with the IRS and is not required to be mailed. If you mail a paper copy of Form 1120 to the IRS it will delay processing of your return. Initial and date the copy, and retain it for your records. Your electronically filed return is not complete without your signature. You are using the Personal Identification Number (PIN) for signing your return electronically. Form 8879-C, IRS e-file Signature Authorization for Form 1120 should be signed and dated by an authorized officer of the corporation and returned as soon as possible to:

> Michael K White CPA & Associates
> 4111 18th St Ste 8
> San Francisco, CA 94114

**_Important:_ Your return will not be filed with the IRS until the signed Form 8879-C, IRS e-file Signature Authorization for Form 1120 has been received by this office.**

**California Filing Instructions**

Your 2013 Form 100 shows an amount due of $1,057. A check should be made payable to Franchise Tax Board, and included with Form 3586. Write "3255171, 2013 FTB 3586" on the check and mail it by AS SOON AS POSSIBLE to:

> Franchise Tax Board
> P.O. Box 942857
> Sacramento, CA  94257-0531

GLES 000325

130814  04/30/2015

Your return is being filed electronically with the California Franchise Tax Board and is not required to be mailed. If you mail a paper copy of Form 100 to the California Franchise Tax Board it will delay processing of your return. Initial and date the copy, and retain it for your records.

Your electronically filed return is not complete without your signature. Form 8453-C, California e-file Return Authorization for Corporations, should be signed and dated by an authorized officer of the corporation and returned to:

> Michael K White CPA & Associates
> 4111 18th St Ste 8
> San Francisco, CA 94114

If you scheduled an electronic funds withdrawal and wish to cancel it, you must call the California Franchise Tax Board at (916) 845-0353 at least two working days prior to the date of withdrawal.

Your required California estimated tax payments are as follows:

| Due Date | Remittance |
|----------|------------|
| 4/15/14  | $800       |
| 6/16/14  | $0         |
| 9/15/14  | $0         |
| 12/15/14 | $0         |

Each payment is to be accompanied by a completed voucher. Make each check payable to Franchise Tax Board, and write "CA Corp 3255171, EIN 27-2757130, 2014 Form 100-ES" on the check.

Mail To:   Franchise Tax Board
           P.O. Box 942857
           Sacramento, CA  94257-0531

Reminders for estimated tax installments will not be sent to you. Therefore, you should establish your own reminder system for making timely deposits.

Also enclosed is any material you furnished for use in preparing the returns. If the returns are examined, requests may be made for supporting documentation. Therefore, we recommend that you retain all pertinent records for at least seven years.

In order that we may properly advise you of tax considerations, please keep us informed of any significant changes in your financial affairs or of any correspondence received from taxing authorities.

If you have any questions, or if we can be of assistance in any way, please do not hesitate to call.

Sincerely,


Michael K White CPA & Associates

GLES 000326

130614

**Michael K White CPA & Associates**
**4111 18th St Ste 8**
**San Francisco, CA 94114**
**415-621-2261**

April 30, 2015

**CONFIDENTIAL**

GREEN LIGHT ENERGY SOLUTIONS CORP
101 LOMBARD STREET, #314E
SAN FRANCISCO, CA 94111

Dear Alex:

We have prepared the following returns from information provided by you without verification or audit:

    U.S. Corporation Income Tax Return (Form 1120)
    California Corporation Franchise or Income Tax Return (Form 100)

We suggest that you examine these returns carefully to fully acquaint yourself with all items contained therein to ensure that there are no omissions or misstatements.

**Federal Filing Instructions**

Your 2014 Form 1120 shows no balance due.

Your return is being filed electronically with the IRS and is not required to be mailed. If you mail a paper copy of Form 1120 to the IRS it will delay processing of your return. Your electronically filed return is not complete without your signature. You are using the Personal Identification Number (PIN) for signing your return electronically. Form 8879-C, IRS e-file Signature Authorization for Form 1120 should be signed and dated by an authorized officer of the corporation and returned as soon as possible to:

        Michael K White CPA & Associates
        4111 18th St Ste 8
        San Francisco, CA 94114

*Important:* **Your return will not be filed with the IRS until the signed Form 8879-C, IRS e-file Signature Authorization for Form 1120 has been received by this office.**

**California Filing Instructions**

Your 2014 Form 100 shows an amount due of $954. A check should be made payable to Franchise Tax Board, and included with Form 3586. Write "3255171, 2014 FTB 3586" on the check and mail it AS SOON AS POSSIBLE to:

        Franchise Tax Board
        P.O. Box 942857
        Sacramento, CA 94257-0531

358

GLES 000358

130814

Your return is being filed electronically with the California Franchise Tax Board and is not required to be mailed. If you mail a paper copy of Form 100 to the California Franchise Tax Board it will delay processing of your return.

Your electronically filed return is not complete without your signature. Form 8453-C, California e-file Return Authorization for Corporations, should be signed and dated by an authorized officer of the corporation and returned to:

> Michael K White CPA & Associates
> 4111 18th St Ste 8
> San Francisco, CA 94114

Your required California estimated tax payments are as follows:

| Due Date | Remittance |
|----------|-----------|
| 4/15/15 | $800 |
| 6/15/15 | $0 |
| 9/15/15 | $0 |
| 12/15/15 | $0 |

Each payment is to be accompanied by a completed voucher. Make each check payable to Franchise Tax Board, and write "CA Corp 3255171, EIN 27-2757130, 2015 Form 100-ES" on the check.

Mail To:   Franchise Tax Board
> P.O. Box 942857
> Sacramento, CA 94257-0531

Reminders for estimated tax installments will not be sent to you. Therefore, you should establish your own reminder system for making timely deposits.

Also enclosed is any material you furnished for use in preparing the returns. If the returns are examined, requests may be made for supporting documentation. Therefore, we recommend that you retain all pertinent records for at least seven years.

In order that we may properly advise you of tax considerations, please keep us informed of any significant changes in your financial affairs or of any correspondence received from taxing authorities.

If you have any questions, or if we can be of assistance in any way, please do not hesitate to call.

Sincerely,


Michael K White CPA & Associates

GLES 000359

**Michael K White CPA & Associates**
**4111 18th St Ste 8**
**San Francisco, CA 94114**
**415-621-2261**

April 30, 2015

**CONFIDENTIAL**

GREEN LIGHT ENERGY SOLUTIONS CORP
101 LOMBARD STREET, #314E
SAN FRANCISCO, CA 94111

Dear Alex:

We have prepared the following returns from information provided by you without verification
or audit:

  U.S. Corporation Income Tax Return (Form 1120)
  California Corporation Franchise or Income Tax Return (Form 100)

We suggest that you examine these returns carefully to fully acquaint yourself with all items
contained therein to ensure that there are no omissions or misstatements.

**Federal Filing Instructions**

Your 2012 Form 1120 shows no balance due.

Your return is being filed electronically with the IRS and is not required to be mailed. If you
mail a paper copy of Form 1120 to the IRS it will delay processing of your return. Initial and
date the copy, and retain it for your records. Your electronically filed return is not complete
without your signature. You are using the Personal Identification Number (PIN) for signing your
return electronically. The IRS *e-file* Signature Authorization form should be signed and dated by
an authorized officer of the corporation and returned as soon as possible to:

  Michael K White CPA & Associates
  4111 18th St Ste 8
  San Francisco, CA 94114

*Important:* **Your return will not be filed with the IRS until the signed IRS *e-file***
**Signature Authorization form has been received by this office.**

**California Filing Instructions**

Your 2012 Form 100 shows an amount due of $1,079. A check should be made payable to
Franchise Tax Board, and included with Form 3586. Write "3255171, 2012 FTB 3586" on the
check and mail it by AS SOON AS POSSIBLE to:

  Franchise Tax Board
  P.O. Box 942857
  Sacramento, CA 94257-0531

Your return is being filed electronically with the California Franchise Tax Board and is not

391

GLES 000391

required to be mailed. If you mail a paper copy of Form 100 to the California Franchise Tax Board it will delay processing of your return. Initial and date the copy, and retain it for your records.

Your electronically filed return is not complete without your signature. Form 8453-C, California e-file Return Authorization for Corporations, should be signed and dated by an authorized officer of the corporation and returned to:

> Michael K White CPA & Associates
> 4111 18th St Ste 8
> San Francisco, CA 94114

If you scheduled an electronic funds withdrawal and wish to cancel it, you must call the California Franchise Tax Board at (916) 845-0353 at least two working days prior to the date of withdrawal.

Your required California estimated tax payments are shown below. Each payment is to be accompanied by a completed voucher. Make each check payable to Franchise Tax Board, and write "CA Corp 3255171, EIN 27-2757130, 2013 Form 100-ES" on the check.

| Due Dates: | | Remittances: | |
|---|---|---|---|
| | 4/15/13 | | $800 |
| | 6/17/13 | | $0 |
| | 9/16/13 | | $0 |
| | 12/16/13 | | $0 |

| Mail To: | Franchise Tax Board |
|---|---|
| | P.O. Box 942857 |
| | Sacramento, CA 94257-0531 |

Reminders for estimated tax installments will not be sent to you. Therefore, you should establish your own reminder system for making timely deposits.

Also enclosed is any material you furnished for use in preparing the returns. If the returns are examined, requests may be made for supporting documentation. Therefore, we recommend that you retain all pertinent records for at least seven years.

In order that we may properly advise you of tax considerations, please keep us informed of any significant changes in your financial affairs or of any correspondence received from taxing authorities.

If you have any questions, or if we can be of assistance in any way, please do not hesitate to call.

Sincerely,


Michael K White CPA & Associates

GLES 000392

**Michael K White CPA & Associates**
**4111 18th St Ste 8**
**San Francisco, CA 94114**
**415-621-2261**

April 30, 2015

**CONFIDENTIAL**

GREEN LIGHT ENERGY SOLUTIONS CORP
101 LOMBARD STREET, #314E
SAN FRANCISCO, CA 94111

For professional services rendered in connection with the preparation of your 2012 corporate tax return:

Form 8879-C (IRS e-file Signature 1120)
Form 7004 (Application for Extension)
Form 1120 (Corporate Return)
Form 1125-A (Cost of Goods Sold)
Schedule G (Corporate Stock Ownership)
Form 4562 (Depreciation and Amortization)
Form 4797 (Sales of Business Property)
Charitable Contribution Carryover Worksheet
Net Operating Loss Carryover Worksheet
AMT Net Operating Loss Carryover Worksheet
Two Year Comparison Worksheet
Carryover Summary
CA Form 8453-C (Electronic Filing Declaration)
CA Form 100-ES (Corporation Estimated Tax)
CA Form 3539 (Payment Voucher for Extension)
CA Form 3586 (Electronic Filing Pymt Voucher)
CA Form 100 (Corporate Return)
CA Schedule D-1 (Sales of Business Property)
CA Form 3805Q (Net Operating Loss Computation)
CA Form 3885 (Depreciation and Amortization)
CA Form 5806 (Underpayment of Estimated Tax)
CA Carryover Worksheet
CA AMT NOL Worksheet
CA Late Filing Worksheet

| | |
|---|---|
| Amount due | $ 1,100.00 |

393

GLES 000393

# CERTIFICATE OF SERVICE

I, Margaretha Ayers, hereby certify that on November 6, 2019, I electronically filed the foregoing document described as **DECLARATION OF NATHAN O'MALLEY IN SUPPORT OF JUDGMENT CREDITOR TMCO, LTD'S MOTION FOR LEAVE TO AMEND JUDGMENT TO ADD ALTER EGO DEFENDANTS** with the Court Clerk of the United States District Court Northern District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I also certify the documents and a copy of the Notice of Electronic Filing was served, *Via U.S. Mail,* on the following individual and company that are not parties to the case, and **non-**CM/ECF participants:

Alex M. Feerer
220 Lombard Street, Suite 823
San Francisco, CA 94111

Svetlana Kamyshanskaya
555 California Street, Suite 4925
San Francisco, CA 94104

*As Agent for Service of Process for Green Light Energy Solution, LLC*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2019, at Los Angeles, California.

_____
Margaretha Ayers

MUSICK, PEELER
& GARRETT LLP

1186806.1

**PLAINTIFF TMCO, LTD'S CERTIFICATE OF SERVICE**