UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TMCO LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>GREEN LIGHT ENERGY SOLUTIONS R&D CORP.,<br><br>    Defendant. | Case No. 4:17-cv-00997-KAW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND JUDGMENT TO ADD ALTER EGO DEFENDANTS**<br><br>Re: Dkt. No. 38 |

On November 6, 2019, Plaintiff TMCO Ltd. filed a motion for leave to amend the judgment against Defendant Green Light Energy Solutions R&D Corp. ("GLES Corp.") to add alter ego defendants. (Mot., Dkt. No. 38.) Specifically, after having conducted a judgment-debtor examination of Alex M. Feerer, Plaintiff seeks to amend the judgment to add Mr. Feerer and Green Light Energy Solutions, LLC ("GLES, LLC") as judgment debtors. *Id.* Plaintiff erroneously noticed a briefing schedule that did not comply with Civil Local Rule 7-3(a), and set January 3, 2020 as the deadline to file an opposition. (Dkt. No. 38.) Plaintiff served non-party Alex M. Feerer and GLES, LLC's agent for service of process, Svetlana V. Kamyshanskaya[1], on November 22, 2019. (Dkt. No. 39.)

Neither Defendant nor non-parties filed a timely opposition or statement of non-opposition. Pursuant to the undersigned's standing order, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion." (Judge Westmore's General Standing Order ¶ 23.)

On January 10, 2020, the Court issued an order to show cause, and ordered Defendant

---

[1] Ms. Kamyshanskaya also represents Defendant/Judgment-Debtor GLES, Corp. in this case.

1    and/or the non-parties 1) to file an opposition or statement of non-opposition to the pending

2    motion, and 2) to file a response to the order to show cause explaining why the opposition was not

3    timely filed. (Dkt. No. 41 at 1.) The response and the opposition were due on or before January

4    27, 2020. *Id.* Plaintiff was ordered to immediately serve a copy of the order to show cause on

5    non-parties Alex M. Feerer and GLES, LLC. *Id.* at 2. Plaintiff did so on January 10, 2020. (Dkt.

6    No. 42.)

7          On January 13, 2020, defense counsel Kamyshanskaya filed a request for approval of

8    substitution or withdrawal as counsel for Defendant GLES Corp. (Dkt. No. 44.) Defendant had

9    not obtained new counsel, but representative Alex Feerer consented to the withdrawal and stated

10   that he would personally appear on behalf of the corporation. *Id.* Corporations, however, are

11   unable appear in federal court except by counsel, and Mr. Feerer is not licensed to practice law in

12   California. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). The request

13   contained no explanation as to why substitution or withdrawal was appropriate under the

14   circumstances. (*See* Dkt. No. 44.) Thus, due to the pending motion for leave to amend the

15   judgment, defense counsel's motion to withdraw was denied without prejudice on the grounds that

16   the "withdrawal would work an injustice or cause undue delay in the proceeding." (Dkt. No. 45 at

17   1-2) (quoting *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal.

18   Jan. 8, 2008) (internal quotations omitted.)

19         On January 26, 2020, Defendant GLES Corp. filed a response to the order to show cause,

20   in which defense counsel explained that Alex Feerer terminated her representation, because

21   Defendant was in the process of dissolution and, therefore, no longer required her legal assistance.

22   (Dkt. No. 46 at 1.) Counsel further contends that Mr. Feerer represented that he is not President or

23   CEO of GLES Corp., which is why the motion for substitution of counsel had "none" on the title

24   line under his name and signature. *Id.* at 1-2. The Court notes that, despite not having a title, Mr.

25   Feerer both attempted to exercise the authority to appear on behalf of GLES Corp., and actually

26   terminated GLES Corp's attorney-client relationship with Ms. Kamyshanskaya, which indicates

27   that he remains in control of the corporation. To date, however, no oppositions have been filed.

28         In light of the foregoing, Plaintiff TMCO's motion for leave to amend the judgment to add

alter ego defendants is GRANTED as unopposed. In granting the motion, the Court finds that Alex Feerer, individually, and his other company, GLES, LLC are alter egos of Defendant and Judgment Debtor GLES, Corp.; that Alex Feerer operated GLES, LLC and GLES, Corp. as a single enterprise; that Alex Feerer exercised control over the underlying arbitration and resultant enforcement proceedings in this Court; and, that the failure to add Alex Feerer and GLES, LLC as judgment debtors would result in injustice.

Accordingly, the Judgment, entered on November 11, 2017, is amended to add Alex Feerer and Green Light Energy Solutions, LLC as judgment debtors. The amended judgment will be entered separately.

The Court declines to award attorneys' fees in connection with this motion.

Plaintiff shall immediately serve a copy of this order and the forthcoming judgment on Mr. Feerer and Green Light Energy Solutions, LLC.

IT IS SO ORDERED.

Dated: February 3, 2020

KANDIS A. WESTMORE
United States Magistrate Judge